EATON v. INTERNATIONAL TRAVELERS' ASS'N OF DALLAS.

(Court of Civil Appeals of Texas. April 5, 1911. Rehearing Denied May 3, 1911.)

1. INSURANCE (§ 618*)—MUTUAL BENEFIT INSURANCE — ACTION—VENUE—CONTRACT PROVISIONS—VALIDITY.

The right accorded to a plaintiff under Rev. St. 1895, art. 1585, subd. 12, providing that suits against life and accident insurance companies or associations may be brought in the county and precinct in which the person injured resides at the time of such injury, is a substantial right of fundamental importance, of which he cannot be deprived, except by the Legislature; and a by-law of such an association, seeking to deprive a policy holder of such right, is void, and cannot be made binding by his contract to abide by it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1538; Dec. Dig. § 618.*]

2. INSURANCE (§ 152*)—MUTUAL INSURANCE ASSOCIATIONS—BY-LAWS—BINDING EFFECT UPON POLICY HOLDERS.

Though future by-laws of an insurance association may by agreement be made a part of the policy issued by such association, yet the policy holder entering into such an agreement will be deemed to contemplate only such by-laws as the association has power to pass; that is, such only as are reasonable and consistent with the rights guaranteed to him by statute, and not by-laws attempted to be passed depriving him of valuable statutory right.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 312; Dec. Dig. § 152.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by W. R. Eaton against the International Travelers' Association of Dallas, Texas. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Semp Russ and C. A. Davies, for appellant. T. J. Newton, Templeton & Ezell, and E. H. Powell, for appellee.

FLY, J. Appellant sued appellee to recover on an accident policy the sum of $2,500 and attorney's fees, alleged to have accrued by reason of the loss by accident of one of his feet. Appellee pleaded its privilege to be sued in Dallas county, alleging that it has its principal office in the city of Dallas, in that county; that "as a condition precedent to and a part of the consideration for the issuance of a certificate of membership to plaintiff by this defendant, and as a part of the contract between the plaintiff and defendant for the issuance of the certificate to plaintiff herein sued upon by him, the plaintiff agreed to be bound by the by-laws of this defendant in force and effect at the time of the issuance of such certificate, and further agreed to be bound by such amendments and changes in said by-laws as might be made after the issuance of said certificate." It was further alleged "that at the time of the accident and injury to plaintiff, if any, there existed and still exists a by-law of this defendant, which provided and still provides 'that all suits against this defendant shall be filed in the city and county of Dallas, and state of Texas.'" The court sustained the plea of privilege, and ordered that a transcript of all orders and the original papers be transmitted to the district clerk of Dallas county.

It appears from the certificate of membership that by accepting the same appellant agreed "to be bound by such amendments and changes in said by-laws as may hereafter be made." The certificate was of date July 4, 1905, and on July 8, 1908, a by-law was adopted which provided, "All suits against the association must be filed in the city and county of Dallas, state of Texas," and was first published on December 12, 1908, about two months after the accident to appellant. It might have been surmised that it was dated back to cover accidents, had not the secretary and treasurer sworn that it was passed in July, 1908.

[1] Appellee is a mutual assessment accident association, and it is provided in Rev. St. 1895, art. 1585, subd. 12, that "suits against life and accident insurance companies or associations may also be brought in the county and precinct in which the persons insured, or any of them, resided at the time of such death or injury." It was alleged, and not denied, that appellant resided in Bexar county at the time he was injured, and he undoubtedly had the right under the laws of Texas to institute and maintain a suit in Bexar county against appellee, unless that corporation had the power by a by-law to set aside such laws and provide that no suits could be instituted against it except in the one county of its choosing.

There is a cogent reason for permitting suits like this to be instituted in the county of the residence of the injured person; for in many instances it would be a virtual denial of the right to enter the courts at all, if a man could be required to sue in a court that might be, as in the case of a resident of El Paso county, for instance, hundreds of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

miles from his home. In laws as to the venue of suits, the individual citizen, and not the corporation, is favored. The right is a substantial one of fundamental importance to the citizen, and one which he cannot be deprived of by any authority, except that of the Legislature of the state of Texas. The right given by statute to sue corporations in certain counties would be of little benefit, if a creature of the law could repeal the statute and set up a by-law of its own in its stead.

[2] We recognize the fact that it has been held that future by-laws of an insurance society or association may, by agreement, be made a part of the policy issued by such society or association; but we are not willing to subscribe to the proposition that, under such agreement, by-laws in defiance of the laws of this state, and subversive of statutory rights of the policy holder, can enter into and form a part of such a general agreement to abide by future by-laws. On the other hand, we believe that a by-law, which seeks to deprive the policy holder of a substantial statutory right, is void, and cannot be made binding by a contract to abide by it.

This question is fully discussed by Chief Justice Shaw, of the Supreme Judicial Court of Massachusetts, in Nute v. Hamilton Mutual Insurance Company, 72 Mass. (6 Gray) 174, and it was held that a provision of a by-law of a mutual fire insurance company, to which their policies are expressed to be subject, that any suit on a policy shall be brought in the county where the company is established, is not binding on the assured. The court said: "The time within which money shall be paid, land conveyed, a debt released, and the like, are all matters of contract, and depend on the will and act of the parties; but, in case of breach, the tribunal before which a remedy is to be sought, the means and processes by which it is to be conducted, affect the remedy, and are created and regulated by law."

When appellant contracted for by-laws, enacted in the future, to enter into and become a part of his contract, he must have had in contemplation only such by-laws as a corporation has the power to pass; that is, such by-laws as were reasonable and consistent with the rights guaranteed to him by the statutes of his state. He could never have contemplated that the association would attempt to repeal a statute and deprive him of a valuable statutory right. Gray v. Portland Bank, 3 Mass. 364, 3 Am. Dec. 156; Kent v. Mining Co., 78 N. Y. 159.

Appellee cites the cases of Greve v. Insurance Co., 30 N. Y. Supp. 668, and In re Railroad, 98 N. Y. 452, as sustaining the proposition that such a by-law as the one under consideration would be enforced. The first case cited is by an intermediate court in New York, whose decision will not be followed, especially when confronted with the opinion of the court of last resort in Massachusetts, speaking through a very distinguished American jurist. The case cited from the court of last resort in New York, except through an obiter dictum, does not sustain the proposition advanced by appellee. We are not willing to commit this court to the doctrine that the citizen can be deprived of a substantial right, guaranteed by statute, by the enactment of a by-law by a corporation.

In the case of Parish v. N. Y. Produce Exchange, 169 N. Y. 37, 61 N. E. 977, 56 L. R. A. 149, the Court of Appeals of New York, through Chief Justice Alton B. Parker, harked back to the theories advanced in Kent v. Mining Co., herein cited, and holds that the test as to the binding force of the by-law is its reasonableness, and its consistency with the Constitution and laws of the state. See, also, Bacon, Ben. Soc. & Life Ins. §§ 84, 85, and authorities cited in notes.

The judgment is reversed, and the cause remanded.