## W. C. BIGGERS & CO. v. HAMMER.
### (No. 7967.)

(Court of Civil Appeals of Texas. Dallas. May 25, 1918. Rehearing Denied June 22, 1918.)

SALES ⟲79—PLACE OF DELIVERY.

Where contract of sale of cotton by farmer to cotton buyers mentioned no place for delivery of the cotton, but specified it was to be delivered f. o. b. cars, the inference was that it was deliverable at the nearest railroad shipping point.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by W. C. Biggers & Co. against C. Y. Hammer. Judgment for defendant, and plaintiff appeals. Affirmed.

Wm. C. Morrow and H. G. Hart, both of Hillsboro, for appellant. J. E. Clarke, of Hillsboro, for appellee.

RAINEY, C. J. On or about June 21, 1916, appellant and appellee entered into the following contract, to wit:

"Mr. C. Y. Hammer, Bynum, Texas—Dear Sir: This confirms sale made by you to-day, personally of twenty-five bales of cotton, basis middling, at 12½ cents per lb. f. o. b. cars, subject to compress weight. Cotton to be delivered at any time before December 1, 1916. Differences to be the prevailing differences at the time of delivery.

"Good middling, prevailing c. on middling.

"Strict middling, prevailing c. on middling.

"Middling 12¼¢ even.

"Strict low middling, prevailing off c. middling.

"Low middling, prevailing c. off middling.

"Strict good ordinary prevailing c. off middling.

"Good ordinary prevailing c. off middling.

"Tinges, prevailing c. off white cotton.

"Contract with W. C. Biggers & Co. Waxahachie, Texas.

"Yours truly, C. Y. Hammer."

Appellants were cotton buyers and doing business at Waxahachie, Ellis county, Tex., and appellee was a farmer living at or near Bynum, in Hill county, Tex. The cotton was not received by appellants by or on December 1, 1916, and they sued appellee to recover their damages for his failure to deliver same, which was alleged to be the difference between that contracted to be paid for the cotton and the price cotton had reached on the date of delivery, which was about $906.

Appellee answered by general exceptions, general denial, and specially, in effect, that he was ready, willing, and able to deliver the cotton on or before December 1, 1916; that the cotton was to be classed at Bynum before delivery; that at no time before the date of delivery did the appellants demand said cotton or in any wise offer to come to Bynum or to send a representative to classify said cotton before it was to be delivered to the railroad company for delivery; and that on or about December 1, 1916, the time of delivery was extended for one month, and on the 18th of December appellee offered to deliver said cotton, which offer was refused.

Special issues were submitted to a jury to which answers were returned, and judgment was rendered by the court in favor of appellee.

The evidence shows that appellant during the fall of 1916 and before December 1, 1916, wrote and telephoned to appellee and suggested, in effect, that, as cotton was rising in price and liable to go higher, to save himself from loss he had best make a delivery or pay the difference on the contract, to which appellee never replied. Appellant never went to Bynum or to appellee's residence or sent a representative to receive the cotton at any time. The jury found, in answer to a question submitted by the court, that appellee was ready, willing, and able to deliver the cotton on December 1, 1916. There is no place mentioned in the contract for the delivery of the cotton. It specifies that it is to be delivered f. o. b. cars, and as Bynum was the nearest place it will be inferred that it was to be delivered there.

We conclude that under the contract and evidence the appellant is not entitled to recover for a breach to deliver the cotton. The appellants were not present, nor did they have a representative present, at Bynum at any time to receive the cotton, or to close up the trade by paying for same, or in any manner arranging for its delivery. Appellee had the right to be paid for the cotton, or at least to have an understanding as to how he was to be paid, and where, and to whom it was to be shipped, and, the appellants not being present and seeing to these matters, the appellee being ready, willing, and able to make a delivery on the day fixed, the contract for delivery cannot be charged with a breach by appellee.

The judgment is therefore affirmed.