LEE v. GILCHRIST COTTON OIL CO.
(No. 6109.)

(Court of Civil Appeals · of Texas. Austin.
Oct. 24, 1919. On Motion for Re-
hearing, Nov. 19, 1919.)

1. APPEAL AND ERROR ⟾760(1)—SUFFICIEN-
CY OF BRIEF.

Brief, which clearly presented the points
relied upon for reversal with sufficient referenc-
es to the record to enable court to apply facts
without unnecessary labor in searching the rec-
ord, *held* sufficient, though rules, in some re-
spects, were not technically complied with.

2. SALES ⟾79—PLACE OF DELIVERY "F. O. B."

Where goods were bought "f. o. b. cars
Jewett, destination weights guaranteed," the
place of delivery was Jewett and not the place
of destination; "f. o. b." meaning "free on
board of cars," "free" meaning without expense
to buyer, and "on board of cars" showing how
delivery is to be made, and, in the absence of
any words indicating the contrary, means at the
place of sale or the nearest station thereto.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, f. o. b.]

3. SALES ⟾79—PLACE OF DELIVERY; "DES-
TINATION WEIGHT GUARANTEED."

In cotton seed sale contract. the word "des-
tination weights guaranteed" did not render
doubtful an express provision that delivery was
to be made "f. o. b." at a certain place, and
make the point of destination the place of de-
livery; but these words simply showed the in-
tention to have the seed shipped to another
point than the place of shipment, and that the
weight at that point would be accepted as cor-
rect by the seller.

4. SALES ⟾80—PLACE OF PAYMENT.

That goods were to be shipped to certain
point does not make the price payable at that
point.

5. SALES ⟾201(4)—DELIVERY OF GOODS TO
CARRIER PASSES TITLE.

When goods are delivered to a carrier at
the point of delivery to be transported to an-
other point, they become the property of the
buyer; the carrier becoming his agent to re-
ceive and ship them as directed.

6. CUSTOMS AND USAGES ⟾17—PAROL EVI-
DENCE TO VARY WRITING.

Evidence seeking to vary, by' proof of cus-
tom, the well-established meaning of the words
"f. o. b.," *held* inadmissible.

7. VENUE ⟾21—RESIDENCE OF DEFENDANT;
EXCEPTIONS IN STATUTE.

He who claims the benefit of an exception
in the statute relating to venue must bring
himself clearly within such exception.

Appeal from Lampasas County Court;
J. Tom Higgins, Judge.

Suit by Gilchrist Cotton Oil Company
against Z. P. Lee. Defendant's plea of priv-

ilege to be sued in Leon county overruled,
and defendant appeals. Reversed with in-
structions.

W. H. Browning, of Lampasas, for appel-
lant.

Word & Walker, of Lampasas, for appel-
lee.

Findings of Fact.

JENKINS, J. This suit was brought in
the county court of Lampasas county, by ap-
pellee to recover damages of appellant for
failure to ship three cars of cotton seed upon
the following contract:

"Gilchrist Cotton Oil Co.
"Lampasas, Texas, 9/29/1917.
"Bought of Z. P. Lee, 3 cars of sound clean
cotton seed at $69.00 per ton f. o. b. cars Jew-
ett destination weights guaranteed. Gilchrist
Cotton Oil Co. J. E. Carson, Buyer, Gilchrist
Co. Co.
"Accepted: Z. P. Lee, Seller, C. B. K."

Jewett is in Leon county, Tex. The con-
tract was written at appellant's gin in Leon
county.

Appellant filed his verified plea of priv-
ilege, in proper form, to be sued in Leon
county. Appellee controverted this plea un-
der oath, alleging that under the contract
sued on appellant was to deliver, the cotton
seed at Lampasas, Tex. The court overruled
appellant's plea of privilege; to which ap-
pellant excepted, and has brought the case
to this court for revision.

Opinion.

[1] Appellee objects to the consideration of
appellant's brief as not being in accordance
with rules. While the rules are not techni-
cally complied with in some respects, they
are in spirit, in that the brief clearly pre-
sents the points 'relied upon for reversal
with such specific references to the record as
enable us to apply the facts without unnec-
essary labor in searching the record.

The questions determinative of this appeal
are:

(1) Does the contract show upon its face,
either expressly or by implication, that the
cotton seed were to be delivered in Lampasas
county?

(2) Was it permissible to explain the con-
tract by oral evidence?

(3) Does the oral evidence show that the
cotton seed were to be delivered in Lampasas
county?

For reasons hereinafter stated, we answer
each of these questions in the negative.

[2] What was the contract? On the part
of the seller, to deliver the cotton seed. On
the part of the buyer, to pay for them. How
was the delivery to be made? By putting
the seed on board of cars. "F. o. b." means

"free on board of cars." "Free" means without expense to the buyer. "On board of cars" shows how the delivery is to be made, and, in the absence of any words indicating the contrary, means at the place of sale, or the nearest station thereto. 35 Cyc. p. 108; 23 L. C. L. 1337; Biggers v. Hammer, 204 S. W. 493. In the instant case the place of delivery is fixed by the words "f. o. b. Jewett."

[3-5] Do the words, "destination weights guaranteed," render doubtful the express provision that the delivery was to be made at Jewett? We think not. These words simply show that it was in contemplation of the parties that the cotton seed would be shipped to some point other than that at which they were received—in this instance to Lampasas—and that the weight at that point would be accepted as correct by the seller. The fact that goods were to be shipped to a certain point does not make the price payable at that point. This amounts to no more than a mere shipping direction which obligated the seller to bill the goods to that point. Bewley v. Schultz, 115 S. W. 294; McCullar v. Higginbotham, 118 S. W. 885. When goods are delivered to a carrier at the point of delivery to be transported to another point, they become the property of the buyer. The carrier becomes his agent to receive and ship them as directed.

[6] The weight in this case was unimportant, except as determining how much the appellee was to pay. It was held in Neimeyer Lumber Co. v. Burlington & M. R. R. Co., 54 Neb. 321, 74 N. W. 670, 40 L. R. A. 534, that the words in the contract, "price f. o. b. Omaha," related only to the price to be paid, and not to the point of delivery. We hold that evidence seeking to vary, by proof of custom, the well-established meaning of the words "f. o. b.," was inadmissible. Sheffield Furnace Co. v. Hull, 101 Ala. 446, 14 South. 672.

Does the oral testimony, admitted by the court over appellant's objection, show that appellant was to deliver the cotton seed at Lampasas? We think not. The only testimony on this point was by Carson, who made the contract on the part of appellee, and is as follows:

"I have bought a good many cotton seed, and am familiar with contracts of this kind. Among oil mill men, the words in the contract, 'f. o. b. cars Jewett,' mean that they were to be delivered on the cars at Jewett without cost to the buyer, but the buyer was to pay the freight to destination. The words, 'destination weights guaranteed,' in the contract mean that the three cars were to be delivered at Lampasas, in Lampasas county." ·

[7] "Were to be delivered at Lampasas," by whom? The witness did not state. He who claims the benefit of an exception must bring himself clearly within such exception. Cohen v. Munson, 59 Tex. 237; Chamberlain v. Fox, 54 S. W. 297.

In view of the well-established meaning of the letters "f. o. b. cars Jewett," the cotton seed were to be delivered at Jewett by appellant to the railway company, as agent for appellee, in the sense that they would thereby become the property of appellee. This is the contract which it is alleged that appellant breached. If so, the breach occurred at Jewett. By the statement, "The words, 'destination weights guaranteed,' mean that the three cars of cotton seed were to be delivered at Lampasas," the witness must be presumed to have meant that the cotton seed were to be transported to Lampasas, rather than that those words, by implication, contradicted the plain words of the contract as to the place of delivery. It was contemplated by the contract that the cotton seed were to be delivered at Lampasas, in the sense that they were to be transported to Lampasas, but not by appellee, nor for him as being his property. He did not obligate himself to deliver the cotton seed at Lampasas, but only that he would bill them to that place. Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 53.

We sustain appellant's assignments of error to the effect that the court erred in construing the contract to mean that appellant was to deliver the cotton seed at Lampasas, and in holding that the venue was properly laid in Lampasas county.

In view of this holding, the other assignments of error become immaterial.

For the reasons stated, the judgment herein is reversed, with instructions to the trial court to transfer this case to the county court of Leon county.

Reversed, with instructions.

## On Motion for Rehearing.

Appellee on motion for rehearing cites Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 53, as authority for the proposition that f. o. b. cars "merely indicates that the purchaser is to pay the freight to the point mentioned." Witnesses in that case so testified. The courts hold otherwise. However, it was immaterial in that case whether or not f. o. b. meant that delivery was to be made at the point mentioned. No delivery was made. The seller sued the buyer, who lived in Dallas county, for the purchase price, which he did not agree to pay in Harrison county, nor elsewhere, if the lumber was never delivered to him.

Appellee also cites Burkitt v. Berry, 143 S. W. 1188. That case is not in point. It merely holds that an agreement to deliver goods at a certain place does not fix such place as the place of payment.

We would not have perhaps reversed this case alone upon the insufficiency of the testimony of the witness Carson, but what we

stated in our opinion herein is the rule as to the necessity of a party who claims the benefit of an exception to bring himself clearly within such exception.

Motion overruled.
Overruled.

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes