**FARMERS' STATE BANK OF BLUM v. KEMPNER. (No. 8338.)**

(Court of Civil Appeals of Texas. Galveston. April 28, 1923.)

**1. Corporations �ково503(2)—Action for breach of contract of sale to a corporation held properly brought in county of buyer's residence.**

Under Rev. St. art. 1830, subd. 5, providing that, where a person has contracted in writing to perform an obligation in a particular county, suit may be brought in such county or where defendant has his domicile, and subdivision 24, providing that suits against a private corporation may be brought in any county in which the cause of action or a part thereof arose, where a private corporation, after accepting by telegraph a telegraphed offer to buy 50 bales of cotton f. o. b. at a point outside the buyer's county, made an offer by telegram to sell 25 bales more f. o. b. certain points outside the buyer's county, which was accepted by telegram, the contract for the sale of the 25 bales was made in the county of the buyer's domicile, and an action for breach of contract of sale as to all the cotton was properly brought in that county.

**2. Venue ⊫7—Venue of action on contract where offer was made by buyer and accepted by seller held to be in county of seller's domicile.**

Where the purport of messages concerning the sale of cotton was that the seller agreed to deliver the cotton f. o. b. at a point outside of the county of the buyer's domicile, and to have samples sent to the buyer, and to wait to draw drafts until it received the buyer's classification of the cotton from samples, the contract was made at the residence of the seller, and an action for breach thereof would have been brought in that county if it had not been combined with an action for breach of another contract venue of which was in the county of the buyer.

**3. Evidence ⊫397(2)—Evidence as to contract other than telegrams constituting entire agreement held inadmissible.**

In an action by a buyer of cotton against a seller for breach of contract, evidence other than telegrams which constituted the entire agreement between the parties was inadmissible.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Mrs. Eliza Kempner against the Farmers' State Bank of Blum, Tex. From an order overruling defendant's plea of privilege to be sued in the county of its domicile, defendant appeals. Affirmed.

Walker & Baker, of Cleburne, and C. G. Dibrell and McDonald & Wayman, all of Galveston, for appellant.

Williams & Neethe, of Galveston, for appellee.

GRAVES, J. [1] In this proceeding appellant bank, a private corporation of Hill county, Tex., appeals from an order of the district court of Galveston county overruling its plea of privilege to be sued in Hill county. Mrs. Kempner, the appellee, sued the bank in Galveston county for a total of $1,331.97 damages alleged to have resulted to her from appellant's failure to carry out its contract to sell and ship her 75 bales of cotton, 50 bales of which were to be delivered f. o. b.

---

Cleburne, Johnson county, Tex., 10 bales f. o. b. Morgan, Bosque county, Tex., and the remaining 15 bales f. o. b. Blum, Hill county, Tex. The material parts of the contract she declared upon were alleged as follows:

"That on or about the 4th day of December, 1919, plaintiff and defendant did enter into a certain contract of sale, evidenced by instruments in writing, whereby the defendant did agree to sell to plaintiff, and plaintiff did agree to buy from the defendant, 50 bales of cotton at a price of 39 cents per pound basis middling white f. o. b. cars at Cleburne, Tex., with other grades at differences as follows: (Specifying.) It being stipulated that none of such cotton should grade below middling and that the said cotton should be classified and weighed at Galveston, Tex., and that the defendant should draw upon the plaintiff at Galveston, Tex., for the purchase price of such cotton, attaching to the draft bills of lading covering same, and that under and by virtue of the terms of said contract it was contemplated by the parties that the cotton sold thereunder should be classified and weighed in the city of Galveston, Galveston county, Tex., and that a draft covering the purchase price thereof should be drawn upon plaintiff at Galveston, Tex., with a bill of lading attached, and upon payment of such draft by her the bill of lading covering such cotton should be delivered to her at Galveston, Tex.

"That on the same day the defendant did likewise sell to plaintiff, and plaintiff did likewise agree to purchase from defendant, 25 bales of cotton, 10 of which were to be delivered by defendant f. o. b. cars at Morgan, Tex., and the other 15 of which were to be delivered by defendant f. o. b. cars at Blum, Tex., at a price of 39 cents per pound, basis middling white, other grades at differences the same as stated in the first above-mentioned contract. The other terms of such contract relating to the classification and weight of the cotton sold and the drawing of drafts for the purchase price thereof with bill of lading attached being identical with those of the contract herein first set out. That as aforesaid under the terms and provisions of each of such contracts, the defendant herein did become bound and obligated to ship the cotton therein specified to the city of Galveston, Galveston county, Tex., where the same should be classified and weighed, and it further became bound and obligated to send to plaintiff at the city of Galveston, Galveston county, Tex., bills of lading covering such shipments of cotton attached to drafts for the purchase price thereof, to be paid by plaintiff in the city of Galveston, Galveston county, Tex. That the said defendant in total violation of each and all its aforesaid contracts did fail to ship any of such cotton to Galveston, Galveston county, Tex., and it failed to send plaintiff at such place any bills of lading covering the same attached to drafts for the purchase price thereof, all to plaintiff's damage as shown by her original petition herein filed, and that by reason thereof a part of plaintiff's cause of action against the defendant arose in Galveston county, Tex., and this court has jurisdiction thereof."

The material facts in substantiation of these averments as received by the court below on the hearing of the matter were as follows:

"On December 6, 1919, appellant Farmers' State Bank sent appellee Kempner the following telegram:

" 'We have on Cleburne compress fifty bales cotton classing strict middling to low middling that we must sell to-day wire best basis price you can get giving differences can have compress send samples and wait to draw until get your class.'

"On December 6, 1919, appellee Kempner replied as follows:

" 'Offer thirty-nine cents basis middling for Cleburne fifty described strict low at two hundred fifty off low mid seven hundred fifty off subject immediate answer.'

"On December 6, 1919, appellant Farmers' State Bank sent appellee Kempner the following telegram:

" 'Telegram received we sell you fifty bales f. o. b. Cleburne at 39 cents basis middling at your differences.'

"On December 7, 1919, appellant Farmers' State Bank sent appellee Kempner the following telegram:

" 'Must sell ten bales at Morgan fifteen bales at Blum middling to low middling will accept thirty-nine cents basis same terms and conditions yesterdays sale wire acceptance promptly.'

"On December 7, 1919, appellee Kempner replied as follows:

" 'Accept ten bales Morgan fifteen bales Blum thirty-nine cents.' "

From this statement of the pleading and proof it will be seen that appellee sued for the failure to ship the 75 bales of cotton as a whole and based her right to maintain the venue thereof in Galveston county on the claim that the contract was made in that county under the quoted telegrams which evidenced it, and that therefore a part at least of the cause of action arose in that county, as well as upon the further claim that the contract so declared upon contemplated being and could only be performed in Galveston county; consequently the cause of action came within both subdivisions 24 and 5 of R. S. article 1830.

Appellant, on the other hand, insists that the exchange of telegrams quoted shows that it agreed to nothing more than to sell cotton to the Galveston merchant, f. o. b. points outside of Galveston county, and therefore neither bound itself in writing to perform its contract in Galveston county, nor did any part of the cause of action accruing from its failure to perform arise in that county within the meaning of our venue statutes.

We conclude that the trial court properly retained jurisdiction, upon this consideration: The contract for the sale of 25 bales of the 75 was clearly made at Galveston. The telegrams between the parties of date December 7, 1919, evidencing this sale, constituted a direct and independent offer from appellant made to appellee at Galveston of the Morgan 10 bales and the Blum 15 bales

for 39 cents, and its acceptance at Galveston by appellee, thereby completing the agreement with reference to these two lots of the cotton in the county of the suit. Recovery being sought for the failure to ship the 25 bales along with that for the other 50 bales, so much of the joint cause of action was triable in Galveston county under this court's holding in Mangum v. Milling Co. (Tex. Civ. App.) 95 S. W. 605, 606, as follows:

"Under section 23 [now 24] suits against private corporations may be brought in any county in which the cause of action, or a part thereof, arose, and it is well settled that a cause of action growing out of a breach of contract arises, in part, in the county in which the contract was made, although the breach may wholly occur in a different county. A cause of action consists of the right of the plaintiff, as well as of the injury to that right, and when the right arises from or is based upon a contract, such right comes into existence at the time and place of the making of the contract, and it necessarily follows that a cause of action growing out of a breach of contract arises, or comes into existence, in part, at the place at which the contract was made."

See, also, cases cited in the Mangum opinion and Baker-Hanna & Co. v. Kempner, (Tex. Civ. App.) 204 S. W. 350.

[2] This conclusion is all that is necessary to a determination of the appeal, but it may not be amiss to add that had the suit involved alone the other 50 bales at Cleburne, we could not hold that jurisdiction in Galveston county was shown. The telegrams evidencing that transaction, unlike those relating to the 25 bales, discloses an offer from Kempner to the bank and its acceptance by the latter at Blum in Hill county. Consequently that contract was made in Hill county. Neither, in our opinion, do the messages contain anything which either directly bound the bank to perform the agreement in Galveston county, nor did their terms show that it could only be carried out there. They alone must be looked to in determining what the agreement in this respect was, and the concluding sentence of the bank's first telegram quoted, "Can have compress send samples and wait to draw until get your class"—the only provision claimed to have had any such effect—obviously did not obligate appellant to ship that cotton to Galveston where it was to be classified and weighed, and then draw drafts on appellee with bills of lading attached, payable in Galveston, as appellee in effect averred; the plain purport of the group of messages involving the 50 bales simply is that appellant merely agreed in writing to deliver the cotton f. o. b. the cars at Cleburne, to have samples sent to Galveston, and then wait to draw drafts for the agreed purchase price until it received appellee's classification of the cotton from the samples.

Upon this feature, therefore, the cause would fall within the rule applied in Gottlieb v. Ainsworth (Tex. Civ. App.) 229 S. W. 341, and Lee v. Gilchrist (Tex. Civ. App.) 215 S. W. 977, and would be unlike Malloy v. Oil Properties (Tex. Civ. App.) 238 S. W. 984.

[3] Under this view it follows also that the evidence received on the hearing by the trial court, other than the telegrams, which, as before stated, constituted the entire agreements between the parties, was inadmissible. The judgment has been affirmed.

Affirmed.