BORDER–MILLING CO. et al. v. BEDNARZ & BILLIMEK et al.    (No. 6892.)

(Court of Civil Appeals of Texas. San Antonio.    Oct. 15, 1923.)

**1. Venue ⟾21—Valuable right of defendant to be sued in county should not be denied unless clearly waived by contract.**

The privilege given to a defendant under Rev. St. art. 1830, to be sued in his own county, is a valuable one, and should not be denied unless defendant's contract clearly expresses a waiver of that right.

**2. Venue ⟾7—Shipment "f. o. b." at Poth, destined to San Antonio, means delivery to common carrier on car destined to San Antonio.**

Where shipment of corn, destined to San Antonio, was by terms of the order to be placed f. o. b. at Poth, such designation meant only a delivery to the common carrier on the car destined to San Antonio and did not signify that San Antonio was the place of performance, so as to authorize suit there against shipper who asserted right to be sued in the county of his domicile.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, F. O. B.]

**3. Venue ⟾7—Contract must clearly show performance by defendant in another county before his right to be sued in own county is waived.**

To take away from a defendant the right to be sued in his own county under R. S. art. 1830, by construction of an unsigned order for the purchase and shipment of goods the contract must contain such clear language that it is to be performed in another county than the residence of defendant that no other fair construction can be placed upon the contract.

**4. Venue ⟾7—Seller held to have performed delivery at his domicile, where he was entitled to be sued.**

Where, under a shipment of corn, destined to San Antonio, the corn was to be placed f. o. b. at Poth, the seller's domicile, *held,* that the delivery upon the cars at Poth was complete, and the goods were then in possession and control of the purchaser, and hence the seller for failure to perform was entitled to be sued in the county of his domicile.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Border-Milling Company and others against Bednarz & Billimek and others. From an order transferring the cause to another county, plaintiffs appeal. Affirmed.

Wiseman Bros., of Floresville, and Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellants.

W. O. Murray, Jr., and McCracken & Carr, all of Floresville, and Dilworth & Marshall, of San Antonio, for appellees.

COBBS, J. We have given this case careful consideration.

Article 1830, R. S., provides:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases,"

—one of which cases is, sub. 5 thereof:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

[1] This privilege to the defendant to be sued in his own county is a very valuable right, and should in no case be taken away from the defendant unless the contract clearly expresses a waiver of his right to be sued in his own county by a contract that will admit of no other construction.

[2, 3] The contract sued upon herein contains no express agreement to pay or perform the contract in San Antonio. The corn was to be placed f. o. b. at Poth, which only means a delivery to the common carrier on the car destined to San Antonio. If they were to be shipped, of course there had to be some destination other than the remotest parts of the world. As said in Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869:

"One who sues the defendant in another county than in that in which he resides, must bring his case clearly within one of the exceptions to the general rule."

See Cohen v. Munson, 59 Tex. 237; Malloy v. Industrial Cotton Oil Properties (Tex. Civ. App.) 238 S. W. 985.

To take that right away from a litigant by construction of an unsigned order for the purchase and shipment of goods it must contain such clear and unambiguous language that it is to be performed in another county than the residence of the defendant, so that no other fair construction can be placed upon the contract.

[4] We do not believe there are any words in this contract that binds the shipper to do more than place the goods f. o. b. upon the cars. The delivery is then made complete by the shipper when so placed though destination is named, but, the goods being thus in possession of and under the control of the purchaser, he may without the shipper's consent divert them to some other point, and here destination has no other significance.

The motion for rehearing is granted, and the judgment of the court is affirmed.

⟾For other cases see same topic and KEY-NuMBER in all Key-Numbered Digests and Indexes