## GENERAL MOTORS ACCEPTANCE CORPORATION v. CHRISTIAN. (No. 2208.)

Court of Civil Appeals of Texas. El Paso.
Dec. 13, 1928.

McGown & McGown, of Fort Worth, for appellant.

Adams & Jones, of Gainesville, for appellee.

PELPHREY, C. J. Appellant, a foreign corporation, instituted this suit against appellee in the county court at law, No. 1, in and for Tarrant county, Tex., on a certain conditional sale contract and promissory note in the principal sum of $270, dated May 20, 1926, and due 7 months from date, together with interest at the rate of 10 per cent. per annum after maturity, and 15 per cent. on principal and interest as attorney's fees.

Appellee filed a plea of privilege to be sued in Cooke county, Tex., where he resides.

Appellant filed its controverting plea, and, upon hearing, the court sustained the plea of privilege, and, General Motors Acceptance Corporation has appealed.

### Opinion.

Appellant lays down the following proposition, and upon it asks for a reversal of the court's action in sustaining the plea of privilege: "1. Where a maker of a note or conditional sale contract in said note agrees to pay the same at such place as the seller or his assignee may from time to time designate, and after maturity of said note the holder designates by a letter registered and addressed to the maker that said obligation is payable and performable in Tarrant County, Texas, the said note and designation of place of payment renders the Contract for the purpose of venue such a contract as falls under subdivision 5, Article 1995, Revised Statutes 1925, providing an exception to the general rule of venue and the said maker is bound to perform said obligation in Tarrant County, Texas, and the court in said county having jurisdiction of the subject matter has venue of the person and of the cause."

Subdivision 5, article 1995, provides: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The above is an exception to the general statute on venue, which reads: "No person who is an inhabitant of this State shall be sued out of the County in which he has his domicile except in the following cases."

Our courts have repeatedly held that the right to be sued in the county of one's domicile is a valuable right, and have further held that one who seeks to sue a person in a county other than that of his residence must bring himself clearly within some exception provided in the statute. Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125; Chamberlain v. Fox (Tex. Civ. App.) 54 S. W. 297; Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; Lee v. Gilchrist Cotton Oil Co. (Tex. Civ. App.) 215 S. W. 977.

This being the policy of our law, do the facts before us present a case where appellee contracted in writing to perform an obligation in a particular county? We think not.

We are confident that the Legislature intended to make the exception provided for in subdivision 5 apply only in cases where the party, at the time he executed the contract, agreed to perform his part thereof in some particular county other than that of his residence. And we are of the opinion that the provision in this contract allowing the other party or his assignees to designate the place of payment does not fall within the letter and

certainly not within the spirit of the exception.

It appears to us that the contract sued upon, and especially that part relative to where the note shall be paid, is clearly an attempt to fix venue by contract, which cannot be legally done, as held by our Supreme Court in International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630.

The order of the trial court in sustaining the plea of privilege was, we think, the proper order to make under the facts, and that judgment is accordingly affirmed.