## PFEIFER v. E. J. HERMANN SALES CO.

### No. 8806.

Court of Civil Appeals of Texas. San Antonio. Nov. 11, 1931.

Rehearing Denied Dec. 2, 1931.

Ben S. Morris and Ingrum & Smith, all of San Antonio, and Oliver Aldrich, of Edinburg, for appellant.

Church & Graves, of San Antonio, for appellee.

FLY, C. J.

This is an appeal from an order of the county court overruling a plea of privilege presented by appellant to be sued in Hidalgo county, Tex.

Appellant was sued on two contracts to pay, respectively, the sums of $343 and $243, and to foreclose a lien on personal property in Hidalgo county. The question of venue is raised by the following provisions, made after stating the amounts, namely: Payable at the office designated by the General Motors Acceptance Corporation. The corporation named was not a party to the contract, but the first contract was between appellant and V. F. Dick, and the second between appellant and John E. De Leon. By a devious route through the E. J. Hermann Sales Company, the contracts reached their destination,

that is, General Motors Acceptance Corporation, as intended by Dick and De Leon, which seems to be an appendix to General Motors Corporation.

The contract is evidently intended to withhold from the signer thereof where the suit may be instituted, or what trouble and expense may be caused him by depriving him of the right to be sued in his own county. The manner of obtaining the contract extending to a corporation not a party to the contract the privilege of selecting some county out of the 250 or more in Texas, to which the unfortunate purchaser may be hailed to court, and the defendant deprived of the right to be sued in the county of his domicile, cannot prevail.

The right secured by statute appropriate to the facts of this case is: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." Article 1995, subd. 5. In this case, there was no contract to perform the contract in a particular county, but the designation of the county was left to the whim or caprice of a corporation not a party to the contract. The citizens of Texas have the right to be sued in their domiciles, and of this right they cannot be deprived by a contract devious and uncertain in its terms as this is. There must be a clear expression of an intent to surrender one of the valuable rights of a citizen, before a court should deprive him of his right of domicile. The surrender must be understood and fully intended, and the citizen should not be led in an abandonment of his privilege by means at least not clear. It is argued that the words used in the contract show a designation of the county at the time the contracts were signed, but the parol testimony afterwards presented showed that the designation was made by the corporation after the contracts were executed, and when appellant knew nothing of such designation.

This court holds the same views on the subject under investigation as it did years ago when it was said, in the case of Eaton v. International Travelers' Ass'n of Dallas (Tex. Civ. App.) 136 S. W. 817, in discussing waiver by writing of privilege to be sued in a certain county: "There is a cogent reason for permitting suits like this to be instituted in the county of the residence of the injured person; for in many instances it would be a virtual denial of the right to enter the courts at all, if a man could be required to sue in a court that might be, as in the case of a resident of El Paso county, for instance, hundreds of miles from his home. In laws as to the venue of suits, the individual citizen, and not the corporation, is favored. The right is a substantial one of fundamental importance to the citizen, and one which he

cannot be deprived of by any authority, except that of the Legislature of the state of Texas."

In citing and following the Eaton Case, the Supreme Court, in the case of Association v. Branum, 109 Tex. 543, 212 S. W. 630, 632, said: "We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses. Eaton v. International Travelers' Ass'n of Dallas [Tex. Civ. App.] 136 S. W. 817. It follows that the stipulation for exclusive venue in Dallas county will not be enforced, and that the court did not err in overruling the plea asserting the privilege to be sued in that county alone."

That case was stronger than this, in that there was a declaration in the contract that all actions on it should be instituted in Dallas county. The Supreme Court held that was not a waiver of the privilege.

In the cases from the Commission of Appeals, the contracts furnished means by which the place of payment could have been readily ascertained by the defendants from the language of the instruments themselves, and the contract was made by and between the parties, and the naming of the place of venue was not confided to a stranger to the contracts. The cases have gone as far as consistent with the high privilege granted by the statute to defendants.

The case of Strange v. General Motors Acceptance Corporation (Tex. Civ. App.) 2 S. W.(2d) 255, is strongly relied on by appellee to sustain its contention, but in that case the venue did not depend upon a county to be designated by the plaintiff but by some third party not entering into the contract, but the promise was to be performed at the office of General Motors' Acceptance Corporation. That fact was undoubtedly the controlling feature in the contract to the Court of Civil Appeals at Dallas. It is not necessary for us to express an opinion as to the soundness of the decision under the facts which are not those of this case.

In the case of Pavlidis v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294, 295, the Dallas court held that a provision to pay at either of two places bound the defendant. That case is clearly distinguishable from the case now being considered. The court said: "In support of their contention, appellants cite General Motors Acceptance Corporation v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620, Turner v. Ephraim (Tex. Civ. App.) 28 S.W.(2d) 608, La Salle County Water Imp. Dist. No. 1 v. Arlitt (Tex. Civ. App.) 297 S. W. 344, and International Travelers' Ass'n v. Branum, 109 Tex. 543, 548, 212 S. W. 630, 632, but after careful examination we failed to find

that either of these cases is in point. In the two first mentioned, the provisions relied upon to fix venue designated no particular county or counties for performance, but left the matter entirely open to be determined later by the obligee. The court held in each case that the obligation was insufficient to fix venue because no particular county was designated as the place of performance."

That case is cited by appellee, but it sustains the case of appellant.

The case of General Motors' Acceptance Corporation v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620, sustains fully the decision of this court. We quote with approval the following language: "We are confident that the Legislature intended to make the exception provided for in subdivision 5 apply only in cases where the party, at the time he executed the contract, agreed to perform his part thereof in some particular county other than that of his residence. And we are of the opinion that the provision in this contract allowing the other party or his assignees to designate the place of payment does not fall within the letter and certainly not within the spirit of the exception."

The judgment is reversed, and it is here ordered that the plea of privilege be sustained and the cause be transferred to the county court of Hidalgo county, and that appellee pay all costs.