## SAULSBURY v. ATLAS SUPPLY CO. et al.

### No. 5162.

Court of Civil Appeals of Texas. Amarillo.

May 27, 1940.

Rehearing Denied July 1, 1940.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

Walter E. Rogers, of Pampa, for appellees.

FOLLEY, Justice.

This is an appeal from a judgment overruling the plea of privilege of the appellant, W. B. Saulsbury, seeking removal of this suit to the 47th or the 108th District Court of Potter County, Texas, the county of appellant's residence. The suit was filed by the appellees, Atlas Supply Company and the Hinderliter Tool Company, seeking judgment against the appellant upon certain promissory notes and foreclosure of a lien upon certain personal property. The appellees sought to retain venue in Gray County under Subdivision 12 of article 1995 of the Revised Civil Statutes, which provides that a "suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated".

The cause was tried before the court without a jury upon an agreed stipulation of facts, and it is upon such stipulated facts that this appeal is predicated. The agreed facts recite that the appellant resides in Potter County, Texas; that on February 24, 1937, the appellant executed and delivered to the Atlas Supply Company his note of such date in the sum of $1,134.77, payable to the Atlas Supply Company at Muskogee, Oklahoma, on or before six months after date; that such note was in renewal of an earlier note payable to the same company in the sum of $2,762.50; that on August 19, 1932, the appellant executed and delivered to the Hinderliter Tool Company his note dated December 19, 1932, in the sum of $750, payable to the Hinderliter Tool Company at Tulsa, Oklahoma, on or before sixty days after date; that each of such notes was unpaid and the respective companies were the owners and holders thereof; that to secure the Hinderliter Tool Company note and the original Atlas Supply Company note, in renewal of which the note declared upon in this suit by the Atlas Supply Company was executed, the appellant on September 8, 1932, executed and delivered his deed of trust conveying to L. L. McColm, trustee for the Atlas Supply Company and the Hinderliter Tool Company, all the oil and gas and other minerals to be produced from the North Half of Section 184, Block B–2, H. & G. N. Ry. Co. Survey in Gray County, Texas, intending to convey the leasehold rights of the appellant in such land; that said deed of trust further conveyed two 500-barrel steel storage tanks, one 250-barrel wood water tank, one two-room lease house, one 84-foot turnbuckle derrick, 3,000 feet of 2-inch tubing and rods, 135 feet of liner, 2,350 feet of 8¼-inch pipe, together with all other pipe in hole, one 80 hp. oil well boiler, one oil well engine, together with all flow lines, connections and fittings on the lease; that this leasehold estate, known as the Sheridan lease, taking its name from the original owners from whom the appellant purchased, is not in controversy in this suit, it having been released by the appellant on December 20, 1935, since which time Saulsbury has not owned and has not asserted any claim to the same, it having reverted to the original owners; that of the personal property above enumerated there remains in Gray County only two items covered by the deed of trust; that in the month of June, 1935, the appellant undertook to remove from the Sheridan lease the personal property there situated and did remove therefrom and from Gray County the engines and boilers; that at the same time he attempted to pull and remove all the casing in the single oil well on the lease and did succeed in pulling the casing in the main but in the course of the effort the casing broke so that about 50 feet of the 8¼-inch pipe was left in the well where it has since remained; that this 50 feet of pipe is all of the property covered by the deed of trust remaining on the Sheridan lease; that the appellant deemed it impracticable to remove the remaining pipe, made no further effort to remove the same, has never since asserted any right therein and so far as the appellant and the Sheridans are concerned there has been an abandonment of the remaining pipe in the well on the Sheridan lease; that after such abandonment the Sheridans, who are the fee-simple owners of the land, some time in 1936 leased the entire Section 184 for oil and gas development to B. D. Harrington and he and his assignees have continuously since such time owned the leasehold estate of Section 184 where is to be found the remaining pipe in the old well; that the casing which was successfully pulled from the Sheridan well, estimated at about 1,300 feet, was removed to a well located on the NE¼ of Section 37, Block 25, H. & G. N. Ry. Co. Survey in Gray County; that the casing so removed has continuously since remained on Section 37; that at the time of the removal of this casing the leasehold estate in the NE¼ of Section 37 was owned jointly by the Saulsbury Oil Company, a corporation, and the Phillips Petroleum Company, a corporation; that after such removal of the casing, and about April 19, 1937, the leasehold estate on the NE¼ of Section 37 was assigned to George G. Travis, who has since owned such leasehold estate; that upon the selling of the leasehold estate of such quarter section the appellant traded to Travis the casing in the well thereon, being the same casing which had been removed from the Sheridan lease, so that since April 19, 1937, Travis has asserted the ownership of this casing and has been the owner thereof, subject to whatever rights the appellees may have therein under the original deed of trust executed by the appellant; that since April 19, 1937, the appellant has owned no interest in such casing and has asserted no claim or title thereto; that other than the two items of personal property above described no part of the personal property mentioned in the

**994**

deed of trust remains in Gray County and as to those two items the appellant is no longer the owner thereof; and that the appellant, W. B. Saulsbury, is the sole defendant in this case, no other claimant or owner of the property having been made a party herein.

The appellant having filed his plea of privilege to be sued in the county of his residence the appellees sustained the burden of alleging and proving that their cause of action was one within the exceptions of the exclusive venue statute requiring suits to be filed in the county of the defendant's residence. In this connection the venue facts which must be alleged and proved are those which are stated in the particular exception of the statute relied upon by the appellees. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. The notes sued upon, being payable in the State of Oklahoma, are admittedly not sufficient to sustain the venue in any county other than that of the residence of appellant. Therefore, the appellees were obliged to show that this suit was to foreclose a mortgage on some of the property situated in Gray County subject to the lien.

Our conclusions herein must be circumscribed by the fact that the real owners of the casing involved in the foreclosure suit are not parties defendant and such conclusions are not to be misconstrued as being applicable to a situation where such parties are defendants.

It is admitted in the above stipulation of facts that the appellant owns no interest in the property upon which this foreclosure suit is sought to be maintained in Gray County. The question therefore arises as to whether or not this suit against the appellant only is one for the foreclosure of a lien upon property situated in Gray County subject thereto. We think the answer to this question may be found in the determination of the question as to whether or not, under the pleadings and proof in this record, the trial court would have been authorized to render a judgment against the appellant foreclosing the lien on the property in Gray County. Under the circumstances of this case a judgment of foreclosure would reach and affect only such interest in the property as was owned by the appellant. An order of sale issuing under such a judgment of foreclosure would upon execution pass to the purchaser only such title and interest as was held by the appellant. The appellant having no interest in the property in Gray

County and the real owners thereof not being before the court, it is our opinion the court was without jurisdiction to render a judgment for foreclosure or for order of sale. This being true it follows that this was not a "suit for the foreclosure of a mortgage or other lien" and that the appellees have failed to discharge the burden sustained by them under Subdivision 12 of article 1995, R.C.S.

The judgment is reversed and the trial court directed to sustain the plea of privilege and transfer the case to one of the aforesaid district courts of Potter County, Texas.