LEE PIERSON V. WILLIAM H. PIERSON ET AL.

No. 7612. Decided March 12, 1941.
Rehearing Overruled May 14, 1941.
(150 S. W., 2d Series, 788.)

*Lawrence L. Barber,* of Seagraves, *Coombes & Andrews,* of Stamford, for plaintiff in error.

Under Article 1995, subdivision 12, R. C. S. 1925, all parties claiming an interest in or lien upon the property subordinate and subject to the lien sought to be foreclosed, and emanating from the same mortgagors, may be sued in the county where the property subject to such lien is situated. Houston, Natl. Exchange Bank v. DeBlanc, 247 S. W. 897; Cook v. Pollard, 70 Texas 723, 8 S. W. 512.

*Hardy Hollers,* of Austin, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by the plaintiff in error, Lee Pierson,

in the district court of Cochran County to recover of S. B. Pierson the amount of a promissory note executed by the latter to the plaintiff in error, and to foreclose a mortgage executed by said S. B. Pierson and his wife to secure the payment of said note. The mortgaged property consists of certain tracts of land situated partly in Cochran County and partly in Yoakum County. In addition to S. B. Pierson and his wife, who reside in Hockley County, the defendants in the suit are William H. Pierson, individually and as administrator of the estate of William Pierson, deceased; Alice Thomas and her husband, Harvey Thomas; Howard Pierson, a non compos mentis, and his guardian, Walter C. Pierson. All these additional defendants except Alice Thomas and her husband, who reside in the State of Washington, reside in Travis County, Texas. William H. Pierson, Alice Thomas and Howard Pierson are the heirs at law of William Pierson, deceased, and as such, are holders of two promissory notes executed to William Pierson, in his lifetime, by said S. B. Pierson. Both of these notes are secured by a second or subordinate mortgage executed by S. B. Pierson and his wife on the same land which is covered by the mortgage which Lee Pierson seeks to foreclose in this suit. The defendants, William H. Piereson and Howard Pierson (through his guardian) duly filed a plea of privilege to be sued in Travis County, where they reside. The plea of privilege upon due hearing, was overruled by the trial court, and a trial of the case on the merits resulted in a judgment in favor of the plaintiff, Lee Pierson, against S. B. Pierson, for the sum sued for, with foreclosure of the first mortgage lien on said lands as against all the defendants in the suit. All the defendants, except S. B. Pierson and his wife, appealed from the trial court's judgment, and the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 128 S. W. (2d) 108. Lee Pierson has been granted the writ of error.

The chief ground of complaint presented in the application for the writ of error goes to the ruling of the Court of Civil Appeals to the effect that the trial court committed error in overruling the plea of privilege presented by William H. Pierson and Howard Pierson, through his guardian, Walter C. Pierson. None of the defendants in the suit reside in Cochran County, and none except S. B. Pierson is in anywise liable for the debt sued for by Lee Pierson. The latter resides in the State of California and the note contains no provision for the payment of the debt in Cochran County or any other particular county in Texas. William H. Pierson and the other heirs of William Pierson, deceased, claim no right or interest in the land which

is subject to the Lee Pierson mortgage, save such as appertains to their status of holders of the second or subordinate mortgage which was executed to William Pierson in his lifetime. This situation calls for an examination of the following provisions of Article 1995 of the Revised Statutes:

"Article 1995. No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

"* * * * * * * * * *

"12. Lien. A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

It is seen at once that subdivision 12, quoted above, constitutes, of itself, an exception to the principal provision of the article which says that no person shall be sued out of the county in which he has his domicile. By virtue of this exception, the principal provision has no application to a suit for the foreclosure of a mortgage or other lien on property situated, either wholly or partly, in the county where the suit is brought. Venue in such county depends entirely on the character of relief sought—that of foreclosure of a mortgage or other lien—and is sufficiently broad in scope to embrace all matters incident to the final and complete accomplishment of that object. Venue to this extent lies in such county irrespective of the domicile of any defendant in the suit and of his relationship to the debt secured by the mortgage or lien sought to be foreclosed. The question of parties to the suit is regulated by the general rules of practice and is distinct from the matter of venue which is prescribed in subdivision 12. Any person who, as subsequent purchaser or otherwise, acquires the right of redemption or who, as holder of a subordinate lien, is entitled to acquire such right— may be made a party defendant in such foreclosure suit, to the end that judgment rendered therein will conclude him. This finds support in numerous decisions of this Court, including Kinney v. McCleod, 9 Texas 78, Delespine v. Campbell, 45 Texas 628; Hall v. Hall, 11 Texas 526; McDonald v. Miller, 90 Texas 309. In the case last cited, this Court used language which is appropriate to the present discussion. The Court said this:

"In Hall v. Hall, 11 Texas 526, Judge Lipscomb, speaking for the Court, says: 'If, indeed, such incumbrancers, whether prior or subsequent, are not made parties, the decree of foreclosure does not bind them, as also a decree of sale would not. The prior incumbrancers are not bound, because their rights

are paramount to those of the foreclosing party. The subsequent incumbrancers are not bound, because their interest would otherwise be concluded without any opportunity to assert or protect them.' These remarks may not have been necessary to a decision of that case, but they have often been cited with approval. (Templeman vs. Gresham, 61 Texas, 50; Buchanan vs. Monroe, 22 Texas, 537; Mills vs. Traylor, 30 Texas, 7; Preston vs. Breedlove, 45 Texas, 47; King vs. Brown, 80 Texas 276). Most of the cases cited involve the question of the rights of a subsequent purchaser from a mortgagor but, in principle, are not to be distinguished from the case of a subsequent incumbrancer by mortgage or any other lien. The right of the lienholder is less than that of a purchaser, but as much a right as the latter to the extent to which it goes."

We think that under the provisions of subdivision 12, the plaintiff in error was privileged to require the defendants in error to defend in the foreclosure suit in Cochran County, their rights as subsequent incumbrancers; but even if this were not the case, still all need aid in this respect would be supplied to him by the provisions of 29a of the same article of the statutes. Pioneer Building & Loan Association v. Gray, 132 Texas 509, 125 S. W. (2d) 284.

Plaintiff in error, in addition to suing upon the note mentioned, sought a recovery of the sum of $570.82, which he alleged he had been required to pay to the State of Texas as interest on the unpaid portion of the purchase money due the State. A special exception to this part of the petition was overruled by the trial court, and recovery of that sum was allowed. The Court of Civil Appeals held that this was error. In motion for rehearing in the Court of Civil Appeals plaintiff in error offered to remit this sum, in the event the court concluded that he was otherwise entitled to an affirmance of the judgment of the district court. In oral argument in this Court upon submission of the cause, counsel expressed a like willingness. We interpret this offer to mean that plaintiff in error is still willing to make this remittitur in order that the judgment of the district court may stand affirmed in other respects.

The judgment of the trial court will therefore be reformed so as to award plaintiff in error judgment for the sum of $20,529.04, together with interest at eight per cent. per annum on the sum of $18,662.77, from date of judgment in the trial court, and interest at six per cent. per annum on the sum of $1866.27 from the date of said judgment.

The judgment of the Court of Civil Appeals is reversed,

and the judgment of the district court as above reformed is in all things affirmed.

Opinion adopted by the Supreme Court March 12, 1941.

Rehearing overruled May 14, 1941.