**GEORGE v. NORTHWEST ENGINEERING CO.**

**No. 11042.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 12, 1941.

Rehearing Denied Dec. 10, 1941.

Morris Pepper, of Houston, for appellant.

P. G. Greenwood, of Harlingen, for appellee.

SMITH, Chief Justice.

This appeal involves the question of the sufficiency of appellee's controverting affidavit interposed against appellant's statutory plea of privilege. Appellee's petition was not made a part of the controverting plea, either by adoption or by attaching it to the plea.

The suit was brought by appellee against appellant to recover upon promissory notes and to foreclose a chattel mortgage upon personal property. Appellant filed his plea of privilege in statutory form. Appellee, in its controverting plea, sought to sustain venue under Subdivisions 5 and 12, of Art. 1995, Vernon's Ann.Civ.Stats. Subdivision 12 is as follows:

"12. Lien.— A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

Appellee sought to sustain venue under Subdivision 12, upon the following allegations in its controverting plea:

"Plaintiff denies the allegations in Paragraph III of said plea of privilege, in which it is alleged, 'No exception to exclusive venue in the County of one's residence provided by law exists in said cause'; and says that said allegation is untrue and that the true facts are that as shown in said petition this is a suit for the foreclosure of chattel mortgage and contract lien upon one Northwest Dredge and one Northwest Trailer, together with equipment and attachments thereto, which dredge was at the time this suit was brought and at the time of the filing of this controverting plea situated in Cameron County, Texas, the County in which said suit was brought and this court has venue of said suit under Section 12, Article 1995, of the Revised Civil Statutes of Texas."

■ The reference to appellee's petition in that allegation was not sufficient to constitute the petition a part of the controverting plea. Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347. The plea, therefore, must be tested by its own allegations unaided by the petition.

In his first and second assignments of error appellant contends that those allegations were insufficient to sustain venue in that they did not set out specifically the facts relied upon to confer venue, and "did not set out specifically therein, facts showing that this was a suit for the foreclosure of a mortgage or other lien on property subject to such lien situated in Cameron County, Texas, but, on the contrary, alleged only blanket legal conclusions to that effect without setting out specifically the facts."

It is true that it is provided by statute that such controverting plea shall set out "specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." Art. 2007, as amended by the Acts of 1939, 46th Leg. p. 204, § 1, Vernon's Ann.Civ.St. art. 2007.

■ But the essential venue facts under Subdivision 12 are no more than that the action is in the nature of "a suit for the foreclosure of a mortgage or other lien" and that the encumbered property is situated in the county where the suit is brought.

The nature of the suit is determinable by the allegations in plaintiff's petition. 43 Tex.Jur. p. 846, § 110.

■ If the petition discloses that the suit is such as is contemplated in Subdivision 12, it remains only for plaintiff to show that the mortgaged property is situated in the county of the forum.

This latter fact must be alleged in plaintiff's controverting plea, and established by evidence upon the hearing of the matter of venue.

■ The plaintiff met these burdens in this case. The allegations in its petition, which was introduced on the hearing, show the suit is of the nature prescribed in Subdivision 12, and in its controverting plea plaintiff plainly alleged, and amply proved upon the hearing, that the mortgaged property, described in detail in plaintiff's petition, was situated in the county where the suit was pending. By this showing venue

in Cameron County was established, and the trial court correctly overruled defendant's plea of privilege, without regard to Subdivision 5. This conclusion of itself requires affirmance, but in view of some of the contentions of appellee we deem it not inappropriate to discuss those contentions.

Appellee sought to sustain venue under Subdivision 5 upon the following allegations in its controverting affidavit:

"That the notes sued upon in this case were signed jointly by Lorraine M. George and J. D. George, and delivered to the plaintiff and the place of payment in said notes were left blank with the express and implied understanding that the plaintiff might insert the place of payment therein, and the plaintiff has elected to make said notes payable at Harlingen, Cameron County, Texas, and did before filing this suit, through its duly authorized agent and attorney demand payment of the same at Harlingen, Texas, which payment was refused by the defendant, and the plaintiff is entitled to maintain this suit under the provisions of Section 5, Article 1995, of the Revised Civil Statutes of Texas."

Subdivision 5, as amended by Acts of 1935, 44th Leg. p. 503, Ch. 213, § 1, Vernon's Ann.Civ.St. art. 1995, subd. 5 is as follows:

"5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■■ The "particular county" referred to in Subdivision 5 means the county designated in writing at the time of the execution of the contract. General Motors Acceptance Corp. v. Hunsaker, Tex.Civ.App., 50 S.W.2d 367; Pfeifer v E. J. Hermann Sales Co., Tex.Civ.App., 43 S.W.2d 484. It appears from express language of appellee's controverting plea that no place of payment was named in the contract at the time it was executed by the parties, nor until some undisclosed but later date, when it was inserted by appellee. The device was an evasion of the venue statute, and cannot avail appellee. It has been expressly so held, not only in Pfeifer v. E. J. Hermann Sales Company, last cited, but in General Motors Acceptance Corp. v. Christian, Tex.Civ.

App., 11 S.W.2d 620, and Turner v. Ephraim, Tex.Civ.App., 28 S.W.2d 608. We sustain appellant's third assignment of error.

■ Appellee insists that the current Rules of Practice and Procedure, effective September 1, 1941, should be given effect in determining the rights and remedies of the parties here, regardless of the statutes and rules in effect and observed by the parties upon the trial of this cause in February, 1941. We overrule this contention.

The judgment is affirmed.