From what we have said, it follows that the judgment of the trial court should be reversed and remanded, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## KERIN v. JONES.

### No. 2634.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1945.

Rehearing Denied Feb. 22, 1945.

Tom D. Matthews, of Dallas, for appellant.

Owen F. Watkins, of Mexia, for appellee.

TIREY, Justice.

This is an appeal by Paul A. Kerin, a resident of Dallas County, from a judgment overruling his plea of privilege. The judgment is assailed substantially on the ground that plaintiff failed to allege or prove sufficient venue facts to maintain the suit in Limestone County. We overrule both of these contentions. These points require a comprehensive statement.

The plaintiff, E. C. Jones, a resident of Grayson County, in his original petition (pertinent to the matters to be considered) alleged substantially that J. C. Rhea, in

January, 1944, executed and delivered to him his promissory note in the principal sum of $2428.50, payable to plaintiff at the Pendergast-Smith National Bank at Mexia in Limestone County, Texas; that at the time the note was executed and delivered, said Rhea, for the purpose of securing plaintiff, executed a chattel mortgage on certain personal property, fully described in the same, located in said Rhea's Cafe in Mexia, Limestone County, Texas; that said mortgage was duly recorded with the County Clerk of Limestone County and constituted a valid lien on the property to secure the debt; that said Rhea became insolvent in July, 1944, and voluntarily made an assignment to Paul A. Kerin, as assignee, for the benefit of his creditors; that Kerin, as assignee, accepted said assignment as valid and binding upon him and that he became the legal owner of such property subject to the indebtedness of plaintiff; that plaintiff duly accepted said assignment as binding on him and thereafter presented his note and mortgage lien to Kerin for acceptance and allowance and that due to the fact that said mortgage was not dated the said Kerin refused to allow said claim or any part thereof, and that plaintiff brings this suit to establish his debt and mortgage lien against the defendant as a preferred and secured lien against the estate of J.C. Rhea, the maker of the note, whose estate is now in the hands of the said Kerin. Plaintiff prayed that his debt be established in the sum of $1658.50, with interest and attorney's fees, and that his mortgage lien be established according to law and be foreclosed against the property secured by said mortgage. Kerin seasonably filed his plea of privilege, which plaintiff controverted on the following grounds:

"(a) Because this is a suit upon a contract in writing, namely, a promissory note, made payable to the order of this plaintiff at Mexia, Limestone County, Texas, as alleged in his petition, and the obligation was to be performed in said Limestone County, Texas, and the said contract in writing, namely, a promissory note, was legally assumed by assignment to this defendant by its maker, and therefore is subject to Paragraph 5, Article 1995, Revised Statutes, 1925 [Vernon's Ann.Civ.St. art. 1995, subd. 5], governing venue of suits.

"(b) Because this is a suit for the foreclosure of a mortgage lien on personal property situated in Limestone County, Texas,

as alleged in plaintiff's petition, and is subject to Paragraph 12, Article 1995, Revised Statutes, 1925, governing venue of suits.

"(c) Because the said defendant, Paul A. Kerin, assignee, has legally taken charge of said property under an assignment duly executed to him, transferring said property to said defendant, and this is a suit against him as such assignee, to establish a money demand against the estate which he represents, the same being in Limestone County, Texas, as alleged by plaintiff, and is subject to Paragraph 6, Article 1995, Revised Statutes, 1925, governing venue of suits.

"(d) Because this is a suit for the recovery of personal property, situated in Limestone County, Texas, and is subject to Paragraph 10, Article 1995, Revised Statutes, 1925, governing venue of suits."

The controverting affidavit did not adopt the petition nor attach it to same and it is clear that such allegations are not sufficient to constitute the petition a part of the controverting plea, and the affidavit must be tested by its own allegations unaided by the petition. George v. Northwest Engineering Co., Tex.Civ.App., 156 S.W.2d 576, point 1, and authorities therein cited. The appellant filed no exceptions or objections to the controverting affidavit by motion or exception in writing as provided in Rule 90, T.R.C.P. See Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, and authorities therein cited. Evidence was tendered showing plaintiff's debt, evidenced by a note executed and delivered to him by J. C. Rhea, which note was payable to plaintiff at the Pendergast-Smith National Bank in Mexia, Limestone County, and further that at the time the note was executed and delivered said Rhea, for the purpose of securing plaintiff, executed and delivered a chattel mortgage on certain personal property located in Rhea's Cafe in Mexia, Limestone County, and that said mortgage was duly recorded with the County Clerk of Limestone County. Subdivision 12 of Art. 1995, Revised Civil Statutes, is as follows: "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated." It is obvious that the plaintiff sought to sustain venue under said subdivision by both pleading and proof. It is well settled that "the essential venue facts under Subdivision 12 are no more than that the action is in the nature of 'a suit for the

foreclosure of a mortgage or other lien' and that the encumbered property is situated in the county where the suit is brought." See George v. Northwest Engineering Co., supra [156 S.W.2d 578]. We think plaintiff carried these burdens. But the appellant contends substantially that since the plaintiff pleaded that J. C. Rhea voluntarily made an assignment to Kerin, assignee, for the benefit of his creditors, and that Kerin, as assignee, accepted such assignment as valid and binding on him and that Kerin became the legal owner of such property subject to the indebtedness of the plaintiff, and that since plaintiff further pleaded that he accepted said assignment as binding on him and thereafter presented his note and mortgage lien to Kerin for acceptance and allowance, and since plaintiff made proof of such allegations, and since the proof did not show whether Kerin had accepted or rejected such claim of plaintiff, the plaintiff failed to prove the essential venue facts under the doctrine announced in Saulsbury v. Atlas Supply Co., Tex.Civ. App., 141 S.W.2d 992. We cannot agree with this contention. We do not think the Saulsbury case is applicable to the factual situation here presented. We will not undertake to enter into an extended discussion of the Saulsbury case but think it pertinent to call attention to the fact that in the Saulsbury case the parties stipulated that the party seeking the foreclosure owned no interest in the property upon which foreclosure was sought. Quite the contrary here appears. We think the factual situation here is controlled by the rule announced by the Commission of Appeals (opinion adopted by the Supreme Court) in Pierson v. Pierson, 136 Tex. 310, 150 S.W. 2d 788, 789, wherein the court said: "It is seen at once that subdivision 12, quoted above, constitutes, of itself, an exception to the principal provision of the article which says that no person shall be sued out of the county in which he has his domicile. By virtue of this exception, the principal provision has no application to a suit for the foreclosure of a mortgage or other lien on property situated, either wholly or partly, in the county where the suit is brought. Venue in such county depends entirely on the character of relief sought—that of foreclosure of a mortgage or other lien—and is sufficiently broad in scope to embrace all matters incident to the final and complete accomplishment of that object. Venue to this extent lies in such county irrespective of the domicile of any defendant in the

suit and of his relationship to the debt secured by the mortgage or lien sought to be foreclosed."

 "If the petition discloses that the suit is such as is contemplated in Subdivision 12, it remains only for plaintiff to show that the mortgaged property is situated in the county of the forum." See George v. Northwest Engineering Co., supra. It is clear to us that the plaintiff's cause of action is a suit for the foreclosure of a mortgage lien on personal property located in Limestone County, Texas, and that it comes within the provisions of Subdivision 12, Art. 1995, R.C.S., and that venue is in Limestone County. We are likewise of the opinion that such evidence as appellant may have to defeat plaintiff's lien has no place in the venue suit here, but is applicable only to the trial of the case on its merits. See Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (Com. Apps.—opinion adopted by S.Ct.); Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194, pt. 3, page 197.

It follows that we are of the opinion that the judgment of the trial court overruling plea of privilege should be affirmed, and it is so ordered.