**EASTHAM v. FARMER.**

No. 11591.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 27, 1946.

Whitaker, Turpin, Kerr, Smith & Brooks, of Midland, for appellant.

Morriss & Morriss, of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. Exception 12 of Article 1995, Vernon's Ann.Civ.Stats., which is here involved, reads as follows, to-wit:

"A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

When the nature of the suit is pertinent upon a venue inquiry, the issue is determined by an inspection of the petition. Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518. The claim asserted by the petition in this case is in the nature of a suit for the foreclosure of a purchase money lien against land. It was stipulated that said land was located in Real County, Texas, where this suit was filed.

We hold that the trial court correctly overruled the plea of privilege. The

only venue facts under exception 12 of Article 1995 are that the action as made by the petition is in the nature of a suit 'for the foreclosure of a mortgage or other lien; and that the property which the petition alleges is subject to the mortgage or lien is, in fact, situated in the county where the suit is brought. George v. Northwest Engineering Company, Tex.Civ.App., 156 S.W.2d 576.

The order appealed from is affirmed.