## ESTES

v.

## TEXAS CONSOLIDATED OILS.

No. 12625.

Court of Civil Appeals of Texas.

Galveston.

Jan. 14, 1954.

Hutchison, Shipp & Winikates, Charles J. Winikates, Dallas, for appellant.

Johnson & Abney, Howard Lee Norris, Dallas, for appellee.

CODY, Justice.

This is an appeal from an order of the District Court of Harris County overruling defendant's plea of privilege to be sued in Dallas County, the place of his residence, as well as the principal place of business of plaintiff, a corporation. The exception re-

lied upon by plaintiff as fixing venue in Harris County is Subdivision 12 of Article 1995, Vernon's Ann.Civ.St., reading, "Lien. —A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

The plaintiff alleged in its petition, which was duly incorporated in its controverting affidavit, that plaintiff and defendant are co-owners of two oil, gas and mineral leases on land located in Harris County, and that plaintiff operated said leases, and paid all the costs of lifting and marketing the oil and gas produced from said leases. Further, that plaintiff and defendant each received its and his pro rata income from the pipe line company to which same was delivered and sold. Further that defendant refused to bear his pro rata share of the cost of lifting and marketing said gas and oil.

Plaintiff further alleged that there is a formal partnership between the parties, but that defendant has acquiesced in plaintiff's lifting and marketing the oil and gas, and accepted his pro rata share of the sale price thereof. That in law and in fact the relationship between the parties constitutes a mining partnership in relationship to the leaseholds. That all expenditures by plaintiff have been necessary and reasonable, and that the amount so advanced, expended for the benefit of defendant's interest, amounts to the total of $1,534.74 as of December 31, 1952. Plaintiff further plead:

"Plaintiff says that by virtue of expenditures and advances made by it for defendant's benefit it has, in equity as the operating partner of the mining partnership, to the extent of advances made for defendant's account for the benefit of defendant's interests in the leaseholds, a lien upon defendant's interests and each of such interests, in the properties; * * *."

By a verified answer, defendant denied any mining partnership, etc.

The parties stipulated that the oil and gas leases are on property located in Harris County. The plaintiff filed a motion that the plea of privilege be overruled because it was stipulated that the property was located in Harris County, and that it appeared from the face of plaintiff's pleading that it had been plead that defendant owed plaintiff money, and that said debt was secured by an equitable lien upon property located in Harris County. The court granted such motion, and entered the order here appealed from.

Defendant predicates his appeal upon two points to the effect (1) That under the facts plead a lien did not, and could not, exist against defendant's property in favor of plaintiff, and (2) Assuming that an operating cotenant should have a lien against the nonoperating cotenant's freehold interest in the oil and gas for the cost of lifting and marketing the oil, no evidence was introduced in support of the allegations as to the costs incurred, or as to the reasonableness thereof.

It is clear that the question to be determined in this suit is whether the defendant is suable in Harris County by virtue of the provisions of Subdivision 12, Art. 1995, and that the question of the liability of defendant to plaintiff must await determination upon a trial on the merits. The nature of a suit, when pertinent to a venue inquiry, is to be determined from the petition. Easthan v. Farmer, Tex.Civ.App., 193 S.W.2d 568; 43 Tex.Jur. 846. Here the plaintiff formally alleges upon the face of its petition that it has an equitable lien to secure the payment of defendant's pro rata share of the cost of lifting and marketing the production from two mineral leases in which plaintiff and defendant are cotenants. Under the holding made in George v. Northwest Engineering Company, Tex.Civ.App., 156 S.W.2d 576, it would seem to be enough to sustain venue under Subdivision 12, Art. 1995, if the suit is shown by allegations of the petition (though mere conclusions) to be a suit to foreclose a lien upon property, which property by the allegations and proof is shown to be situated in the county where the suit is filed.

There is a conflict in the holdings of the Courts of Civil Appeals on this question,

however, which the Supreme Court has not, at least directly, resolved. It is clear to us that where, as here, the allegations of the plaintiff's petition descend into particulars, and allege the facts from which the pleader infers the existence of an equitable lien, it is a question of law for the court to determine, whether the particular facts alleged raise an equitable lien. The allegations of plaintiff's petition come to this: That it and defendant are cotenants, owning two leases covering lands in Harris County; that plaintiff is operating the leases in lifting and marketing the production therefrom; that under the conditions prevailing, the oil is delivered to the pipe line, and that the pipe line pays each party its pro rata share, without regard to the costs incurred by plaintiff in so lifting and marketing the production.

 It is elementary that a cotenant has the right to develop for oil, but at his peril and own expense. However, if he gets production he may have deducted therefrom all his reasonable costs. It served the convenience of plaintiff here, when he lifted the oil and gas in place, to sell and deliver it to the pipe line, not only from a bookkeeping standpoint, but it would add to the cost of the operation for plaintiff to undertake to segregate the interests before selling to the pipe line and disputes as to whether the division had been proper would inevitably arise. But however inconvenient it would have been to plaintiff, or however risky, or however costly, the production was in the possession of plaintiff as it was lifted, and before it was delivered into the pipe line. It was from the production that plaintiff, as a cotenant, was entitled to reimbursement, and not from the freehold estate.

No doubt, though the point is not in the case, if it had been reasonably necessary to drill an offset well to preserve the freehold estate, the freehold estate would have been answerable to plaintiff for the cost of its preservation. But where unquestionably the production is answerable for the cost of lifting and marketing it, and plaintiff in the process releases the production, it cannot claim a lien on the freehold as a substitute for the production which it has released.

We are constrained to hold that the court erred in overruling the plea of privilege, and here reverse such order and order the plea sustained, and the cause transferred to a District Court of Dallas County.

Reversed and rendered.

### On Appellee's Motion for Rehearing

 Appellee's able motion for rehearing has convinced us that, irrespective of whether the particular allegations of appellant's petition support the legal conclusion made therein, that a mining partnership exists between appellee and appellant, they will support appellee's conclusion that it has and is entitled to an equitable lien upon appellant's share in the jointly owned leases, to secure the payment of appellant's just share of the cost of operating the leases, including the expenditures necessary for repairs, rework, which were necessary to preserve and keep in force the freehold estate, or the leases.

 Even if appellant's allegations had not been sufficient to indicate that appellee was suing to recover appellant's just share of the costs necessary to preserve the freehold estate, we question now whether equity would relegate appellee to his legal remedy of running garnishments against the pipe line company just before it paid for the oil runs twice each month. In other words, appellee seems to us to have no adequate remedy at law, and in order to avoid a multitude of suits, appellee should be given a lien against appellant's share of the freehold. However, we base our holding upon the fact that appellant's allegations as to the expenses of operations, which were necessary to the preservation of the freehold estate, sustain appellee's allegations that he is entitled to the equitable lien which he has alleged.

We grant appellee's motion for rehearing, set aside our former judgment, and affirm the judgment of the trial court.