COLONIAL SAVINGS AND LOAN ASSOCIATION OF LEWISVILLE et al., Appellants,

v.

TEXBORO CABINET CORPORATION, Appellee.

No. 16712.

Court of Civil Appeals of Texas.

Fort Worth.

March 18, 1966.

Rehearing Denied April 15, 1966.

Biggers, Baker, Lloyd & Carver, and Chandler Lloyd and John C. Biggers, Dallas, for appellants.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and Lee W. Henslee, Fort Worth, for appellee.

LANGDON, Justice.

This is a venue case.

Texboro Cabinet Corporation, plaintiff, brought suit against L. L. Post, d/b/a Post Construction Co., First Federal Savings and Loan Association of Irving, a corporation, Colonial Savings and Loan Association of Lewisville, a corporation, and others in Tar-

rant County where plaintiff has its office and principal place of business.

First Federal Savings and Loan Association and Colonial Savings and Loan Association, hereinafter referred to as defendants, filed separate pleas of privilege to have the case transferred to Dallas and Denton Counties where they maintain their respective residences. Plaintiff controverted both pleas. They were heard jointly by the court without a jury and an order overruling both was entered on September 3, 1965.

Defendants on appeal contend that the cause of action declared upon in plaintiff's petition is foreign to the grounds for venue relied upon in the controverting affidavit and that since the cause of action was to foreclose a lien based upon a verified sworn account rather than upon a contract in writing requiring payment in Tarrant County that venue could not be maintained against them under subdivision 29a.

Admittedly, the suit is primarily one founded upon an itemized verified account marked Exhibit A which was attached to the plaintiff's original petition in which it was alleged that the merchandise comprising the itemized account was sold under a contract providing that the purchase price was payable in Fort Worth, Tarrant County, Texas. The contract was more specifically alleged in the controverting pleas. The plaintiff incorporated its original petition and the attached Exhibit A in the controverting pleas and sought to maintain venue as to Post under exception 5 to Article 1995, V.A.T.S., which provides that if a person has contracted in writing to perform an obligation in a particular county, expressly named, or a definite place therein a suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant is domiciled.

The plaintiff sought to maintain venue as to the defendants under exception 29a to Article 1995, V.A.T.S., alleging that both defendants were claiming some interest in real property which was subject to the lien it sought to foreclose and were therefore necessary parties to the adjudication of the priority of the plaintiff's lien. Exception 29a provides that whenever there are two or more defendants in a suit brought in any county in the State which is lawfully maintainable under some provision of Article 1995 as to any of such defendants then such suit may be maintained in such county against any and all necessary parties thereto.

At the joint hearing of the pleas of privilege there was introduced into evidence: (1) The contract between the plaintiff and Post; (2) the affidavit to affix materialmen's lien duly filed and recorded in Vol. 311, P. 1736, Lien Records of Dallas County, Texas. It was established by the evidence that the contract was for the purchase of merchandise listed and described in the sworn account marked Exhibit A to plaintiff's original petition and in the account attached to the affidavit to affix the plaintiff's materialmen's lien. It was stipulated that the liens of the defendants were upon the same property as the lien of plaintiff.

Since it was established by the evidence that the account arose out of the written contract and included the merchandise specified therein we find no variance between the original petition of plaintiff and the controverting pleas. The itemized verified account upon which the plaintiff's claim is based arose out of and was initiated by reason of the contract providing for a specific place for the payment of such account.

■ Where venue is maintainable under exception 5 to Article 1995 upon or by reason of an obligation which provides for payment in a particular county, a suit to foreclose a lien arising out of such obligation will also be maintainable in that particular county although the lien is upon property located in another county.

In Farmer v. Cassity, 252 S.W.2d 788 (Beaumont Civ.App., 1952, no writ hist.), suit was brought upon a note in Polk County and to foreclose a vendor's lien on standing timber located in Hardin County. In discussing venue of the cause of action to foreclose the lien, the court stated: " * * * if the trial court had venue of the suit on the note, then the trial court was authorized to retain venue of the claim for foreclosure of the vendor's lien to avoid a multiplicity of suits * * *."

Where a suit was brought upon a note payable in McLennan County and to foreclose a deed of trust lien on property located in Milam County, the court, in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284 (1939), stated: "In the case at bar the plaintiff had the absolute right, as against the mortgagors, under subdivision 5 of Article 1995, to maintain a suit upon its note and to foreclose its lien in McLennan county."

■ In this case the relationship and connection between the contract and the mechanic's lien was well established by the pleadings and evidence. Plaintiff's original petition is upon a verified account arising under a contract and alleges the perfection of the mechanic's lien which arose therefrom. Plaintiff's controverting plea more specifically alleges the same. The affidavit to affix mechanic's lien was made to secure the balance due for materials furnished to the defendant L. L. Post and specifically refers to the fact that the materials were furnished under and by virtue of a contract made and entered into between the plaintiff and the defendant Post.

Venue of plaintiff's cause of action against Post therefore lies in Tarrant County under exception 5 of Article 1995.

See Beasley v. Barshop, 352 S.W.2d 927 (San Antonio Civ.App., 1961, no writ hist.); Manford v. Kelly Manufacturing Company, 350 S.W.2d 209 (Houston Civ.App., 1961, no writ hist.); Newman v. Texas Farm Products Company, 346 S.W.2d 151 (Beaumont Civ.App., 1961, no writ hist.); Pallets, Inc. v. Stephens, 345 S.W.2d 783 (Beaumont Civ.App., 1961, no writ hist.); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950).

Where venue may be maintained upon the main cause of action, in this case on a sworn account, under subdivision 5 of Article 1995, venue may also be maintained upon an action to foreclose a lien arising by virtue of such sworn account.

■ It is established by the evidence that the liens of the defendants Colonial Savings & Loan Association of Lewisville and First Federal Savings & Loan Association of Irving are inferior to the lien which plaintiff holds upon the property of the defendant Post. As inferior lien holders they are necessary parties to an action brought by plaintiff to foreclose its superior lien and therefore venue may be maintained against them under subdivision 29a of Article 1995 in Tarrant County. Biggs v. Southland Life Insurance Co., 150 S.W.2d 149 (Dallas Civ.App., 1941, no writ hist.).

■ In Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956), the Supreme Court generally reviewed the rules as to maintenance of venue under subdivision 29a and included the following statement: "A junior lienholder or person in possession of or claiming an interest in the security is a necessary party to an action to foreclose a note and mortgage on either real or personal property." See also Pierson v. Pierson, 136 Tex. 310, 150 S.W.2d 788 (1941).

All points of error are overruled and the court's action in overruling the pleas of privilege is affirmed.

Affirmed.