WASHINGTON LOAN AND FINANCE CORPORATION, Appellant,

v.

SECURITY NATIONAL BANK OF LUBBOCK, Appellee.

No. 8908.

Court of Civil Appeals of Texas, Amarillo.

Dec. 29, 1978.

Rehearing Denied Jan. 29, 1979.

Wynne & Jaffe, Donald C. McCleary, Dallas, for appellant.

Walters & Associates, James A. Walters, Lubbock, for appellee.

ROBINSON, Chief Justice.

Washington Loan and Finance Corporation appeals from an order of the trial court overruling its plea of privilege to be sued in Dallas County. Reversed and remanded.

On February 9, 1977, Peter Payne purchased the six-year $100,000 Certificate of Deposit No. 11981 from Dallas International Bank. On the same day Payne executed an agreement assigning to Washington Loan "all interest now and hereafter payable on Certificate of Deposit No. 11981." This assignment of interest accruing on the Certificate of Deposit was acknowledged by Dallas International Bank, which agreed to pay the interest directly to Washington Loan. The following day, February 10, 1977, Payne signed a $100,000 promissory note at Security National Bank of Lubbock, Texas. The note was due on February 10, 1979, unless demand be made before that time, at Lubbock, Texas. The obligation was secured by the $100,000 Certificate of Deposit from Dallas International Bank, evidenced by a security agreement executed simultaneously with the note. The security agreement stated that "[t]he Collateral of this Security Agreement is CD of the following description: Assignment of CD # 11981 in the amount of $100,000 from Dallas International Bank for 72 months at the rate of 7.50% . . . ." The Certificate of Deposit was in the possession of Security National Bank at all times after February 10, 1977. It is uncontroverted that Security National Bank was not advised that anyone else had any claim whatsoever to the Certificate of Deposit. It is also undisputed that on May 4, 1977, Security National Bank made demand for payment of the promissory note. Neither principal nor interest has been paid, and the note is in default.

Plaintiff Security National Bank's first amended original petition, filed in Lubbock County, alleged a cause of action against Peter Payne, Washington Loan and Finance Corporation, and Charles Goldberg.[1] Defendant Washington Loan filed a plea of privilege to transfer the cause to Dallas County, the county of its residence. Security National Bank filed a controverting plea alleging that venue was proper in Lubbock County as to defendant Washington Loan pursuant to either subdivision 4, subdivision 7, or a combination of subdivisions 5 and 29a of article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964 & Supp.1978–1979). A hearing was held on the plea of privilege and the trial court overruled the plea. Findings of fact and conclusions of law were requested and filed.

The effect of findings of fact filed by the trial court is set out in Rule 299, Tex.R. Civ.P., as follows:

> Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the

---

1. The trial court granted the motion of Security National Bank for a non-suit against defendant Charles Goldberg on November 3, 1977.

judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

■ The findings and conclusions filed in the instant case are titled "Partial Conclusions of Law and Fact," and state that pursuant to Rule 385(e) the court did not make further findings and conclusions, so as not to delay the timely filing of the record. Under Rule 385(e) the trial court is not required to make and file findings of fact and conclusions of law in a venue hearing; however, if it does so, it must make findings on all material issues in the case. An appellate court will not presume findings in favor of a material issue on which findings were omitted. *Bryant v. Kimmons*, 430 S.W.2d 73, 75 (Tex.Civ.App.—Austin 1968, no writ); *Kimbell, Inc. v. Moreno*, 563 S.W.2d 350, 352 (Tex.Civ.App.—Amarillo 1978, no writ). Express findings made by a trial court cannot be extended by implication to cover further independent issuable facts. *Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 634 (1957).

The trial court did not make findings of fact and conclusions of law supporting Security National's allegations that venue was proper under subdivision 4 or 7 of article 1995. Further, even if the findings could be construed so as to permit deemed findings on omitted issues, plaintiff could not maintain venue in Lubbock County under those subdivisions.

■ In order to sustain venue under subdivision 4, plaintiff must prove by affirmative evidence that one defendant resided in Lubbock County. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936); *Socony Mobil Co., Inc. v. Southwestern Bell Telephone Co.*, 518 S.W.2d 257, 263 (Tex.Civ.App.—Corpus Christi 1974, no writ). It is sufficient to show that the defendant was a resident in the county at the time the suit was filed or became a resident thereafter but before the disposition of the plea. *Wrenn v. Pilgrim*, 360 S.W.2d 420, 423 (Tex.Civ.App.—Texarkana 1962, no writ). We have examined all of the evidence and conclude that the probative evidence is factually insufficient to support a finding that Payne was a resident of Lubbock County at the time the suit was filed or thereafter.

■ Subdivision 7, art. 1995, provides that in cases of fraud suit may be brought in the county where the fraud was committed. Subdivision 7 requires that plaintiff plead and prove by a preponderance of the evidence that the defendant committed actionable fraud in the county where the suit was filed. *Coalson v. Holmes*, 111 Tex. 502, 240 S.W. 896, 898 (1922); *Brooks v. Parr*, 507 S.W.2d 818, 819 (Tex.Civ.App.—Amarillo 1974, no writ). We have examined the evidence in the light most favorable to findings of fraud and conclude that there is no evidence establishing actionable fraud on the part of Washington Loan. Further, we do not find that Washington Loan is a necessary party to any cause of action for fraud that Security National may have against Payne. Thus, if plaintiff is to maintain venue in Lubbock County, it must do so under a combination of subdivisions 29a and 5.

Subdivision 29a authorizes a plaintiff, who sues two or more defendants in a county where venue is proper as to one defendant under some subdivision of article 1995, to maintain venue in that same county against all necessary parties to the cause of action. Before subdivision 29a can apply, four conditions must be met:

(1) the action must be against two or more defendants;

(2) all defendants must reside outside the county of suit;

(3) venue must be proper against at least one of the defendants under some exception of the general venue rule;

(4) the defendant urging the privilege must be a necessary party to the claim against the defendant as to whom venue is proper.

1 R. McDonald, Texas Civil Practice § 4.36 (rev.1965).

The trial court made a conclusion that "[t]he claim of Defendant Washington Loan and Finance Corporation to an assignment of the accrued interest under the certificate

of deposit, creates a junior lien or claim on the certificate of deposit; and Defendant Washington Loan and Finance Corporation is a necessary party in a suit to foreclose the security agreement." Therefore, to determine the applicability of 29a, we first consider whether Washington Loan is a necessary party to Security National's suit against Payne to foreclose its security interest in Certificate of Deposit 11981.

 Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in his suit is a necessary party within the meaning of subdivision 29a. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758, 764 (Tex.1956); *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 775 (1944). Our Supreme Court has held that the only necessary parties in a suit to foreclose a mortgage or similar lien are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequent to the mortgage or lien. One who is merely claiming some interest in mortgaged property upon which foreclosure is sought is not a necessary party under subdivision 29a. *Shaw v. Allied Finance Co.*, 161 Tex. 88, 337 S.W.2d 107, 110 (Tex. 1960). The interest alleged must be such that the mortgagee seeking foreclosure could not obtain the relief to which he is entitled under his mortgage without the presence of the claimant of such interest as a party to the suit. *Shaw v. Allied Finance Co., supra*, 337 S.W.2d at 110. *See e. g., Colonial Savings and Loan Association v. Texboro Cabinet Corp.*, 401 S.W.2d 357 (Tex.Civ.App.—Fort Worth 1966, no writ) (actual junior lienholders).

 Washington Loan claims its interest under an unconditional assignment which was made before Payne executed the note and security agreement. We conclude that the joinder of Washington Loan is not necessary to afford Security National full relief in its foreclosure suit against Payne and that Washington Loan is not a necessary party to that suit. Thus, venue cannot be maintained in Lubbock County under subdivision 29a.

The foregoing holdings are dispositive of this appeal. We do not reach appellant's remaining points of error. The judgment of the trial court is reversed and the cause remanded.