Jack A. **HUDDLE**, Administrator of the Estate of Jack Huddle, Deceased, Appellant,

v.

Lois **HUDDLE**, Appellee.

No. 6267.

Court of Civil Appeals of Texas, Waco.

April 2, 1981.

**632**

Jay Floyd, Austin, for appellant.

H. J. Bernard, Bernard & Bernard, Houston, for appellee.

HALL, Justice.

This is a venue case involving Exception 12 of our venue statute, article 1995, Vernon's Tex.Civ.St. Exception 12 provides as follows:

"12. Lien.—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

Plaintiff-appellee Lois Huddle filed this suit on June 18, 1980, in Limestone County, against defendant-appellant Jack A. Huddle, Administrator of the Estate of Jack Huddle, Deceased. She alleged the following:

"I.

"Plaintiff owns, and at all times herein mentioned owned, the property in Limestone County, State of Texas, wherein the cattle of which a portion is claimed by JACK A HUDDLE, Defendant, as belonging to the Estate of JACK HUDDLE, DECEASED, have been quartered for the last two years and of which the Plaintiff has had to pay all expenses.

"II.

"Defendant has made no rental payment to Plaintiff since July 19, 1978. Defendant now owes Plaintiff accrued and unpaid rent in the amount of $22,700.52 (Twenty-Two Thousand Seven Hundred and 52/100 Dollars) for the period from July 19, 1978 to July 18, 1979; and $27,-352.52 (Twenty-Seven Thousand Three Hundred Fifty-Two and 52/100 Dollars) for the period from July 19, 1979 to June 16, 1980. The above costs were for veterinarian care for the cattle, fertilizer, labor, feed, machine repairs and fuel, and interest on two bank notes which are mortgages totalling $20,000.00 (Twenty Thousand and No/100 Dollars) on the equipment and the cattle. Plaintiff has paid a total of $4,000.00 (Four Thousand and No/100 Dollars interest to the two banks for the period of July 19, 1978 to June 16, 1980.

"III.

"That the Defendant has made no attempt to reimburse the Plaintiff for any of the costs she has incurred to maintain the cattle for the past two years.

"WHEREFORE Plaintiff prays that the Court grant a landlord's lien on the cattle so that they may be sold to help cover the costs for maintaining the cattle for the past two years.

"WHEREFORE Plaintiff prays for judgment against Defendant for delinquent rent and interest paid on the notes in the amount of $27,026.52 (Twenty-Seven Thousand Twenty-Six and 52/100 Dollars) for costs of this suit and to grant Plaintiff the right to sell the cattle under landlord's lien for payment of the rent due her and for such other and further relief as the Court may find Plaintiff entitled to receive."

Defendant filed his plea of privilege to be sued in Harris County, the county of his residence. Plaintiff controverted the plea of privilege, asserting that venue was proper in Limestone County under Exception 12 of the venue statute. The only material pleading in the controverting affidavit was this:

"An exception to exclusive venue in the county of one's residence provided by law exists in said cause. Plaintiff's original petition alleges a landlord's lien against Defendant concerning cattle situated in Limestone County, Texas. Venue is proper in Limestone County, Texas under [Exception 12]."

Trial was to the court without a jury. Plaintiff's undisputed proof established that defendant's cattle in question are located on

plaintiff's property in Limestone County. The plea of privilege was overruled. Defendant brought this appeal on two points of error. We affirm the judgment.

The plaintiff's pleading at the venue hearing is his controverting plea. The plaintiff must set out in his controverting plea the venue facts of the Exception relied upon for maintaining venue in the county of suit. Rule 86, Vernon's Tex.Rules Civ. Proc.; *Adair v. Patterson*, 551 S.W.2d 110, 112 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Under his first point of error, defendant argues that plaintiff's controverting plea was insufficient because it did not allege as necessary venue facts, either directly or by incorporation of plaintiff's petition, the facts upon which plaintiff based her alleged cause of action for foreclosure of a lien. Defendant did not except to plaintiff's controverting plea. However, he did object to the introduction of evidence by plaintiff at the venue hearing, but the objection was based solely upon the asserted deficiency of plaintiff's controverting plea as set forth above. The gist of defendant's objection was that it was necessary for plaintiff to allege her cause of action in her controverting plea. The case of *Leonard v. Maxwell*, (Tex.1963) 365 S.W.2d 340, was defendant's primary authority at the trial (as it is, here) in support of this proposition. *Leonard* stands for the rule that where the venue facts to be proved include the plaintiff's cause of action, the cause of action must be alleged in the controverting plea, and that mere reference in the plea to the plaintiff's petition without incorporating it is insufficient.

Under Exception 12 the plaintiff is not required to plead his cause of action in his controverting plea nor prove it at the venue hearing. *Knape v. Davidson*, 465 S.W.2d 448, 450 (Tex.Civ.App.—Tyler 1971, writ dism.). The essential venue facts are (1) that the nature of the suit is one for the foreclosure of a lien, and (2) that the property subject to the lien is situated in the county of suit. *Pierson v. Pierson*, 136 Tex. 310, 150 S.W.2d 788, 790 (1941); *Cactus*

*Drilling Co. v. Ozark Gas & Oil Co.*, 546 S.W.2d 628, 630 (Tex.Civ.App.—San Antonio 1977, writ dism.). Whether the nature of the action is one for foreclosure of a lien is determined by the allegations in plaintiff's petition, and at the venue hearing the court looks to the petition for that determination. If the petition discloses that the suit is for foreclosure of a lien, "it remains only for plaintiff to show that the [property] is situated in the county of forum." *Kerin v. Jones*, 185 S.W.2d 448, 450 (Tex. Civ.App.—Waco 1945, no writ). It is this latter fact that must be alleged in the controverting plea and proved at the venue hearing. *George v. Northwest Engineering Co.*, 156 S.W.2d 576, 578 (Tex.Civ.App.—San Antonio 1941, no writ).

Defendant's first point of error is overruled.

Under his second point of error, defendant asserts that the allegations in plaintiff's petition do not plead an enforceable lien for foreclosure. Particularly, defendant argues that the petition does not establish plaintiff's entitlement to a landlord's lien under article 5222, Vernon's Tex.Civ.St., or on any theory, because it does not allege an express or implied contract between the parties.

Exception 12 is not applicable if the plaintiff's petition does not plead an enforceable lien. *Harwood v. Hunt*, 473 S.W.2d 287, 291 (Tex.Civ.App.—Beaumont 1971, no writ). Whether the petition meets this requirement is a question of law for the courts. 59 Tex.Jur.2d 650, Venue § 176.

In the trial court, defendant did not raise by any method the alleged insufficiency of the petition to state a cause of action for lien foreclosure on the ground now asserted, or upon any ground. Therefore, plaintiff is entitled to a liberal construction of her pleadings in her favor toward accomplishing their intended purpose. *Stone v. Lawyers Title Ins. Corp.*, (Tex.1977) 554 S.W.2d 183, 186; *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513, 515 (1941).

Plaintiff's petition may be reasonably construed as showing that defendant's cat-

tle are pastured on her land in Limestone County; that she has furnished feed, labor, and veterinary care for the cattle; that defendant owes her rent for pasturage and other expenses for caring for the cattle; and that she is claiming and seeking foreclosure of a lien on the cattle in satisfaction of the rent and the other expenses owed to her by defendant. The allegations that "Defendant has made no rental payment to Plaintiff ... [and] Defendant now owes Plaintiff accrued and unpaid rent" may be reasonably interpreted as alleging an agreement by defendant to pay for the pasturage.

It is our duty to affirm the judgment of the trial court if it is correct on any theory of law applicable to the case. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939). Plaintiff's petition may be reasonably construed as establishing her right to an agistor's lien under article 5502, Vernon's Tex.Civ.St. This statute provides that "owners or lessees of pastures ... shall have a [special] lien on all animals placed with them for pasturage." Article 5504 provides for enforcement of this lien by foreclosure and sale "of the property embraced in [article] 5502." Plaintiff's allegation that her lien is a "landlord's lien" is an immaterial legal conclusion, not binding on her or the courts. *Motor Inv. Co. v. City of Hamlin,* 142 Tex. 486, 179 S.W.2d 278, 282 (1944).

Defendant's second point of error is overruled.

The judgment is affirmed.