JOE MOODY MACHINERY
COMPANY, Appellant,

v.

The FIRST NATIONAL BANK OF
FORT WORTH, Appellee.

No. 2-83-080-CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 20, 1983.

Rehearing Denied Nov. 17, 1983.

John C. Arneson, Dallas, for appellant.

Mark D. Beatty and Estil Vance, Jr., Fort Worth, for appellee.

Before HUGHES, BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

HUGHES, Justice.

Joe Moody Machinery Company has appealed an order overruling its plea of privilege in a suit involving an alleged fraud. The First National Bank of Fort Worth brought suit in Tarrant County where it was alleged a fraud had occurred. Moody filed a plea of privilege to be sued in Dallas County, the county of its residence and only office. The bank filed a controverting affidavit seeking to hold venue under TEX. REV.CIV.STAT.ANN. art. 1995, exception 7 (Vernon 1964). A hearing was held before the court and the plea of privilege was overruled.

We affirm.

Moody raises three points of error on appeal, the second of which complains of the filing of the Bank's First Amended Controverting Affidavit the day before the hearing. Moody argues that this is in direct contravention of TEX.R.CIV.P. 87, because the ten-day notice requirement is jurisdic-tional. The original Controverting Affidavit was timely filed.

The cases cited by Moody concern situations where no controverting affidavit was filed or the hearing on the plea of privilege was held before the ten day requirement was fulfilled. In these instances the ten day requirement is jurisdictional. This case is distinguishable from those fact situations. Here, a controverting affidavit was timely filed and an amended controverting affidavit was filed the day before the hearing.

It is well established that a plea controverting a plea of privilege is amendable under the same rules as other pleadings. When it is amended, the amendment relates back to, and supersedes, the original controverting plea. *Winters v. Lawless*, 407 S.W.2d 275 (Tex.Civ.App.—Dallas 1966, writ dism'd.); *Continental Fire & Casualty Ins. Corporation v. Whitlock*, 215 S.W.2d 657 (Tex.Civ.App.—Amarillo 1948, no writ). The Amended Controverting Affidavit was timely filed and met the jurisdictional requirements of rule 87. The second point of error is overruled.

In order to overcome Moody's Plea of Privilege, the Bank has the burden of pleading and proving by a preponderance of evidence every constituent element of a cause of action for fraud. *Washington Loan & Finance Corporation v. Security National Bank of Lubbock*, 576 S.W.2d 155 (Tex.Civ.App.—Amarillo 1978, writ dismissed). Moody's third point of error asserts that the Bank failed to allege every constituent element of a fraud cause of action. In their first point of error, Moody alleges that the Bank failed to establish by a preponderance of the evidence all the elements of fraud.

The elements of actionable fraud in Texas are as follows:

(1) that a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by

a party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury.

*Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex.1983).

■ Due to our ruling on point of error two, we should look to the Bank's Amended Controverting Affidavit and its Original Petition to determine whether or not all the constituent elements of fraud have been pled. After a review of these two documents, we hold the Bank's allegations were sufficient to form a basis for a cause of action for fraud. The third point of error is overruled.

■ We next must determine whether or not First National Bank established a cause of action for fraud by a preponderance of the evidence which would warrant maintaining venue in Tarrant County.

The evidence at the plea of privilege hearing showed that in the Fall of 1980, Jeronimo Talamantes, a Mexican citizen, was introduced to Garnett Smith of the First National Bank of Fort Worth by Emil Pohli, a representative of Joe Moody Machinery. The purpose of the meeting was to arrange a line of credit for Talamantes so that he could purchase four (4) trucks from Moody. The trucks were to be exported to Mexico and payment under the line of credit in the amount of $71,400.00 was made by the Bank to Moody. Pohli testified that the funds were transferred to a Bill Montgomery who had found and bought the trucks for Talamantes. Pohli also stated that the Bank was never aware of the transfer of funds.

In February, 1981, Talamantes went into default on his loan and by the summer of that year the trucks had not been imported into Mexico. Pohli proposed a deal to Smith whereby the trucks at the border would be brought back and the Bank would fund additional trucks which could be imported into Mexico. The Bank was not interested in the arrangement and Smith informed Pohli that the Bank wanted the trucks at the border sold and the proceeds to go to the Bank. Smith requested that Moody handle the sales. Smith testified that he relied on Pohli's representation that the matter would be taken care of and, because of his reliance, the Bank took no action to sell the trucks themselves. Talamantes was informed by a letter from Smith of the plan to resell the trucks.

The trucks were brought back from the border and resold, but the funds were applied to the purchase of new trucks from Bill Montgomery and the Bank never received any of the proceeds. Pohli testified that he had told the Bank all along of his intention to apply the proceeds from the truck sales to the purchase of new trucks. There was evidence, however, that at a meeting on January 4, 1982 between Joe Moody, President of Joe Moody Machinery, Pohli, and Smith, Moody told Smith that Moody Machinery had deceived the Bank with regard to the proceeds and that there may be a moral obligation to pay but he did not see a legal obligation.

The evidence at the hearing was sufficient to establish all the constituent elements of a fraud cause of action. The court did not err in overruling the plea of privilege. The first point of error is overruled.

Affirmed.